# Commonwealth *v.* McDermott, Appellant (No. 2).

*Criminal law—Trial—Charge—Reference to failure of defendant to testify—Evidence.*

On the trial of an indictment for the violation of the oleomargarine Act of May 29, 1901, P. L. 327, the trial judge is not guilty of an adverse reference to the failure of the defendant to testify, by charging as follows: "Now, gentlemen, the only question for you to determine is whether or not this testimony is to be relied upon. It is not contradicted in any way. No witnesses were called here to controvert what has been said by these witnesses (referring to witnesses for the commonwealth), and it will be for you to take the testimony and see whether the product that was bought as oleomargarine was the same analyzed by the chemists and contained coal tar dye, and then whether the chemists here, without being contradicted in any way, are to be relied upon as truthful witnesses."

Argued April 21, 1908. Appeals, Nos. 190 and 191, April T., 1908, by defendant, from judgment of Q. S. Washington Co., Nov. T., 1907, No. 11, on verdict of guilty in case of Commonwealth v. M. M. McDermott. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Indictment for violating the oleomargarine Act of May 29, 1901, P. L. 327.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* amongst others was portion of the charge quoted in the opinion of the Superior Court.

*Owen C. Underwood*, with him *R. H. Meloy, Edwin Sutherland* and *John M. Haverty*, for appellant.

*Alex. M. Templeton* and *Cyrus Gordon*, with them *C. L. V. Acheson*, district attorney, for appellee.

Opinion by Morrison, J., July 15, 1908:

The learned counsel for appellant state the questions in-

volved thus: 1. "Is the Act approved the 29th day of May, A. D. 1901, P. L. 327, in conflict with the constitution of Pennsylvania, or of the United States?"

2. "Does the following language used by the court in charging the jury constitute an adverse reference to the failure of the defendant to testify? 'Now, gentlemen, the only question for you to determine is whether or not this testimony is to be relied upon. It is contradicted in no way. No witnesses were called here to controvert what has been said by these witnesses (referring to witnesses for the commonwealth), and it will be for you to take the testimony and see whether the product that was bought as oleomargarine was the same analyzed by the chemists and contained coal tar dye, and then whether the chemists here,—without being contradicted in any way,—are to be relied upon as truthful witnesses.' "

In our opinion this day filed at No. 203 of April Term, 1908, between the same parties, ante, p. 1, we have said all that we consider necessary as to the constitutionality of the act of May 29, 1901.

As to the language of the court above quoted, and also found in the fourth assignment of error, we discover nothing in it calling for criticism or discussion. That language does not intimate that the defendant might have gone on the witness stand for himself. In view of the state of the evidence, the learned judge was fully warranted in so instructing the jury.

We discover no merit in any of the assignments of error and they are all dismissed, and the judgment is affirmed and the record remitted to the court below, for the purpose of having the judgment carried into execution.