## Commonwealth v. Horbach.

*Criminal law—Unlawful manufacture and possession of intoxicating liquor—Information—Sufficiency.*

1. An information made by a State police officer, which stated that "on information received, which he believes to be true, Robert Horbach . . . did unlawfully manufacture, have in his possession, and did sell spirituous, intoxicating liquors, contrary to an act of assembly," is sufficient to support a warrant and indictment.

*Criminal law—Motion to quash indictment after hearing and entering bail.*

2. A motion to quash an indictment on the ground that the information was insufficient comes too late if made by the defendant after he has had a hearing and given bail for court.

*Criminal law — Search and seizure — Evidence — Constitutional law — Weight given to decisions of Federal courts.*

3. Where a defendant is arrested on a valid warrant for having liquor in his possession, and, as an incident of his arrest, liquor was seized at the time of his arrest and in his immediate possession and control as a result of search made with his assistance and without any protest on his part, such seizure without a search warrant is not in violation of the defendant's constitutional right to be secured against unreasonable searches and seizures, and the liquors so seized may be used as evidence against him without violating his right to be protected against being compelled to give evidence against himself.

4. Decisions of the Federal courts are only entitled to such weight as respect for the tribunals or the soundness of their reasoning justifies, and they apply to those who act under a claim of Federal authority, not to the individual misconduct of State officials.

*Criminal law—Trial—Charge—Reference to failure of defendant to testify—Act of May 23, 1887.*

5. On the trial of an indictment for unlawful possession of intoxicating liquor, the trial judge does not violate the Act of May 23, 1887, P. L. 158, which provides that the court shall not refer adversely to the failure of the defendant to testify in his own behalf, by charging as follows: "Now, no evidence was offered on behalf of the defendant. The only evidence before you is that offered on behalf of the Commonwealth. The mere fact that it is not contradicted does not mean that you can necessarily accept it as true."

Rules for new trial and in arrest of judgment. Q. S. Berks Co., March Sess., 1923, No. 37.

*H. Robert Mays* and *Charles W. Matten,* for Commonwealth.

*E. H. Deysher,* for defendant and rules.

BIDDLE, P. J., 9th judicial district, specially presiding.—The defendant, Robert Horbach, was arrested Jan. 20, 1923, on a warrant duly issued therefor, which was executed by two State police officers. This warrant was based upon an information made by one of said officers, J. H. Marshall, which stated that "on information received, which he believes to be true, Robert Horbach . . . did unlawfully manufacture, have in his possession, and did sell spirituous, intoxicating liquors, contrary to an act of assembly."

At the time of the arrest, which was made at the residence of the defendant, in Reading, the officers seized a large quantity of intoxicating liquor, part of which was in the room where the arrest was made, and the rest of which was in another room to which the defendant conducted the officers.

On March 19, 1923, a true bill was found against defendant, charging him (1) with illegal possession; (2) with illegal sale; and (3) the illegal manufacture of intoxicating liquors for beverage purposes.

The case was called for trial March 20th, on which day a formal motion was made by defendant's counsel for the return of the seized goods, and that

4 D. & C.

the district attorney be restrained from using them as evidence. The motion was refused by the President Judge of this district. An oral motion to the same effect had been refused on the morning of March 19th.

A motion to quash the indictment on account of the insufficiency of the information was made and refused. The Commonwealth offered testimony to show the illegal possession and manufacture of intoxicants, but not of any sales in Berks County, and did not ask for a conviction on the second count. No testimony was offered on behalf of defendant, who was found guilty on the first and third counts. Subsequently, rules were granted to show cause why a new trial should not be granted and why judgment should not be arrested. These rules are now before us for disposition.

The reasons, which are substantially the same in both instances, that are advanced in support of these rules may be reduced to three heads:

1. That the information was insufficient to support the warrant and the indictment.

2. That the court erred in holding that the seizure of defendant's intoxicating liquors at the time of his arrest was not in violation of his constitutional rights, and in permitting said liquors to be used in evidence against him.

3. That the trial judge erred by calling the attention of the jury to the failure of defendant to testify in his own behalf.

The reasons will be considered in the same order.

It was urged in support of the first ground that the information, being made upon information, should have set out the name of the informant and given the facts upon which it was based, so that it might show whether or not there was probable cause for the institution of the prosecution.

The defendant having had a hearing, given bail for court and being under indictment when his motion to quash was made, it might well be argued, was too late in making his motion: March v. Com., 21 W. N. C. 566; Com. v. Brennan, 193 Pa. 567; but, apart from this, we think that the objection was without merit. The person making the information was an officer, and he swore that he believed the information upon which he acted, and this is sufficient to sustain the information: Com. v. Clement, 8 Dist. R. 705; and in Com. v. Mallini, 214 Pa. 50, in a case of murder, an information was sustained where it was made by an officer upon information received, though the affiant did not state that he believed his information to be true.

The first ground advanced in support of the rules is, therefore, insufficient.

The second reason advanced is that, the liquors of defendant having been seized without a search warrant, his constitutional rights to be secured against unreasonable searches and seizures had been violated, and that, subsequently, to permit these liquors to be used in evidence against him violated his right to be protected against being compelled to give evidence against himself.

The authorities cited by the learned counsel for the defendant to sustain his contention in regard to this ground are practically all decisions of the Federal courts, which "are only entitled to such weight as respect for the tribunals or the soundness of their reasoning justify:" Com. v. Shultz, 1 D. & C. 742; and that they apply to those who act under a claim of Federal authority, not to the "individual misconduct of State officials:" United States v. Weeks, 232 U. S. 383, 398.

The goods in question were seized, in the presence of the defendant, on Jan. 20, 1923; but for two months, with full knowledge of the facts, he failed to make any protest whatever, and his counsel made the first oral protest on

March 19th, just as the case was about to be submitted to the grand jury. The formal petition for a return of the goods was not made until March 20th, after the indictment had been found and the case was about to be called for trial.

Here, again, we might hold that defendant's objection was too late. "The court will not suspend the conduct of a trial to enter a collateral inquiry as to the means through which the evidence, otherwise competent, was obtained:" Com. v. Vigliotti, 75 Pa. Superior Ct. 366, 378; Adams v. New York, 192 U. S. 585, 596. But here, again, we think that defendant's argument fails on the merits of the case.

In the cases cited by defendant, where it was held that the seized property should not have been admitted in evidence, it appeared that the goods had been taken without any search warrant, or warrant of arrest, and in the absence of the defendant himself.

In Boyd v. United States, 116 U. S. 616, there was neither search warrant nor warrant of arrest. The defendant was ordered by the lower court to produce some of his own papers, which were to be used against him. This was held to be improper.

In Weeks v. United States, 232 U. S. 383, papers of defendant were seized in his absence, and without his knowledge, and without a search warrant. It was held, when he made objection as soon as knowledge of their seizure came to him, that these papers could not be used against him.

In Ames v. United States, 255 U. S. 313, and in Gouled v. United States, 255 U. S. 298, the defendant's papers were taken, without any warrant outstanding, in his absence and without his knowledge. In each instance defendant moved promptly, on learning the facts, to have the papers returned to him, and the Supreme Court held that the Government could not use the papers against the defendant.

It is urged with much earnestness by the learned counsel for the defendant that his client's situation is wholly similar, in principle, to that of the defendants cited in the cases cited by him. We think that his situation is markedly and essentially different.

In the present case there was a valid warrant for the arrest of the defendant upon which he was arrested. The goods seized were seized as an incident of his arrest, at the very time that he was arrested, and they were found in his immediate possession and control. So far as there was any search, the search was made with his assistance and without any protest on his part. So far as he protested against the seizure, it was not because he thought the seizure illegal, but because he thought that it meant financial loss to him.

The seizure was, in essence, it seems to us, "an assertion of the right on the part of the Government, always recognized under English and American law, to search the person of the accused when legally arrested to discover and seize the fruits or evidence of crime. This right has been uniformly maintained in many cases:" Weeks v. United States, 232 U. S. 383, 392; United States v. Murphy, 264 Fed. Repr. 842, 844; Wharton on Criminal Law (8th ed.), 60.

It is true that the liquors seized were not taken directly from the person of the defendant, the amount found was much too large to permit of its being so carried; but it was found in his possession and directly under his control, and it seems to us that it would be a very strained construction that would make the legality or illegality of the seizure depend upon the bulk of the article seized. That such a distinction would not be recognized by the Federal courts appears from the language of the Supreme Court in Weeks v. United

4 D. & C.

States, 232 U. S. 383, 392, where the court approves the seizure of "other proofs of guilt found upon his arrest, *within the control of the accused.*"

"It is well settled that an officer making an arrest upon a criminal charge may also take into his possession the instruments of the crime and such other articles as may reasonably be of use as evidence upon the trial. The officer not only has the lawful power to do so, but he would be blameworthy if he failed to do so. The maintenance of public order and the protection of society by efficient prosecution of criminals require it:" Getchell v. Page, 18 L. R. A. (N. S.) 253.

In the case of Com. v. Shultz, 1 D. & C. 742, a case wholly similar to the one under consideration here, Judge Bell approved the seizure of liquor by the arresting officer and of its subsequent use as evidence during the trial of the defendant, who was its owner. We entirely agree with his reasoning and conclusions.

We think, too, that the opinion of Judge Hargest in Com. v. Eitler, 2 D. & C. 33, cited by defendant's counsel, is adverse to his position, instead of sustaining it.

The second reason advanced in support of the rules must, therefore, be overruled.

The final reason advanced in support of the rule for a new trial is that the court erred in charging the jury as follows: "Now, no evidence was offered on behalf of the defendant. The only evidence before you is that offered on behalf of the Commonwealth. The mere fact that it is uncontradicted does not mean that you can necessarily accept it as true."

It is averred that the first sentence in this part of the charge violates the provisions of the Act of May 23, 1887, P. L. 158, which provides that the court shall not refer adversely to the failure of the defendant to testify in his own behalf.

In the closing argument, the learned counsel for the defendant had correctly stated to the jury that they could not draw any adverse presumption against the defendant by reason of his failure to take the stand, and the portion of the charge of the court was really intended to affirm this position of the defendant's counsel. We do not think that it refers adversely to the defendant's failure to testify, and it is only such reference that the act in question forbids. It does not, in fact, as we view it, refer at all to the defendant's failure to take the stand, but merely pointed out to the jury that while the only testimony they had to consider was that offered by the Commonwealth, yet they might, nevertheless, reject that evidence.

We do not think that the court went farther than the lower court did in the case of Com. v. McDermott, 37 Pa. Superior Ct. 19, where the court in its charge said: "No witnesses were called here to controvert what has been said by these witnesses (referring to the witnesses for Commonwealth)." As we read it, what was said in that case was almost identical with what was said here, and in that case the Superior Court ruled that that remark of the court was not objectionable and was not a violation of the Act of May 23, 1887, above referred to. We think, therefore, that this ground also does not furnish sufficient reason for the granting of a new trial.

And now, to wit, May 31, 1923, the rules to show cause why judgment should not be arrested and why a new trial should not be granted are discharged, and the district attorney is directed to move for judgment of sentence against the defendant.

From Wellington M. Bertolet, Reading, Pa.