Commonwealth ex rel. Geisel *v.* Ashe, Warden.

PER CURIAM, July 15, 1949:

In this petition for writ of· habeas corpus relator questions the validity of two consecutive sentences for forgery, Nos. 59 and 62, June Sessions, 1941. Each was for a term of not less than two years nor more than five years in the Western State Penitentiary. They were imposed by the Court of Quarter Sessions of the Peace of Indiana County on September 22, 1941, and the sentence at No. 59, June Sessions, 1941, was to be computed

from June 19, 1941. True bills had been found by the grand jury, and relator personally signed the pleas of guilty which were endorsed on each indictment. In his petition relator does not suggest that he was not guilty of the crimes charged, but presents principally alleged defects in the proceedings which led up to and culminated in these sentences. His allegations are as follows: (1) The Sheriff of Indiana County failed to read the contents of the warrant to relator at the time when the arrest was made; (2) relator was not given a preliminary hearing before the justice of the peace; (3) the indictments returned by the grand jury were invalid because no preliminary hearing was given; (4) the court failed to advise relator of his right to be supplied with counsel.

The alleged departure from established procedure is now raised for the first time. A sufficient answer for present purposes to relator's allegation that he was given no preliminary hearing is found in the transcript of the justice of the peace which sets forth that defendant, through his attorney, waived a hearing. The sufficiency or regularity of proceedings prior to a true bill returned by a grand jury on a bill of indictment presented to it and the entry of a plea of guilty thereon should not be first considered here on habeas corpus. It would be a strange judicial system which provided that an objection which would have been unsubstantial if made in the lower court becomes substantial when raised in a petition for writ of habeas corpus to this Court. See *Com. v. Murawski,* 101 Pa. Superior Ct. 430. If the relator was of the opinion that the preliminary proceedings were not conducted in accordance with the law, he could have made a timely application to the court below. *Com. ex rel. Scolio v. Hess,* 149 Pa. Superior Ct. 371, 27 A. 2d 705; *Com. ex rel. Stingel v. Hess,* 154 Pa. Superior Ct. 639, 36 A. 2d 848; *Com. v. Strantz,* 137 Pa. Superior Ct. 472, 9 A. 2d 197. But relator took no action

to question any of the proceedings, and entered a plea of guilty to both indictments which had been found by the grand jury. He now seeks to convey the impression that he did not know what he was signing, but that he thought the papers to which he affixed his signature related merely to a violation of parole. We have examined the original records which have been returned to us in compliance with a rule which we granted to show cause why a writ of habeas corpus should not issue. The original bills of indictment contain relator's signatures to the plea of guilty endorsed thereon. Immediately above the signatures appears the word "INDICTMENT," in large print, followed by the offense charged, typed in capital letters, "FORGERY." It appears from the warden's answer to the rule that relator had a long criminal record extending back to the year 1922.[1] It is apparent that relator was fully aware of the nature of the papers which he signed, as well as the legal effect of his pleas of guilty. With his experience in criminal courts he must have known also that he

[1] The Warden's answer sets forth the following criminal record of the relator:

6-26-22—Indiana, Pa., Forgery, restitution made and placed on probation for 2 years.

3-12-30—Indiana, Pa., Larceny, sentence suspended and fined $5.00.

6-8-32—ACW, Blawnox, Pa., Larceny and felonious entry, 8 to 20 months, served 4 months.

12-16-33—Indiana County (Pa.) Jail, Drunken driving, 6 to 12 months, served 1 month and license revoked.

1935—Cambria Co. (Pa.) Jail, Drunken driving, 30 days, served 30 days.

4-15-36—Indiana, Pa., Operating motor vehicle when license was suspended, discharged by court September 1936.

3-4-38—Indiana, Pa., Forgery, discharged by justice of the peace 3-11-38.

10-10-38—ACW, Blawnox, Pa., Forgery, 2½ to 5 years, paroled 6-8-40. Violated.

9-1-40—Indiana, Pa., Bad Checks, restitution made and discharged 9-16-40.

could have had counsel assigned to him upon request. See *Com. ex rel. McGlinn v. Smith*, 344 Pa. 41, 44, 24 A. 2d 1.

Relator's averment that he was without counsel and that he was not advised of his right to obtain counsel and that counsel was not offered to him follows a familiar pattern. He did not ask for counsel, and there are no exceptional circumstances disclosed by the record which would invalidate his conviction and sentence because of any failure of the trial judge to inform him of his right of counsel or to appoint counsel for him.

Moreover, it appears in relator's petition that after his arrest counsel was retained to represent him, and that this counsel unsuccessfully sought to have him released on bail. Recent petitions for writs of habeas corpus frequently disclose contradictory averments apparently made in the hope that they might meet some court pronouncement as a basis for discharge.

If for some reason not apparent from the present record relator did not in fact have the representation of the counsel whom he retained, there was no denial of due process. Article I, §9, of the Pennsylvania Constitution, PS, guarantees to the accused the right "to be heard by himself and his counsel"; but this constitutional provision does not require the court to provide, in every instance, an accused with counsel when none was asked for, except in capital cases. *Com. ex rel. McGlinn v. Smith*, supra, 344 Pa. 41, 48, 24 A. 2d 1. The due process clause of the Fourteenth Amendment does not prohibit a state from accepting a plea of guilty in a noncapital case from an uncounseled defendant. *Townsend v. Burke*, 334 U. S. 736, 739, 68 S. Ct. 1252, 92 L. Ed. 1690, 1692; *Bute v. Illinois*, 333 U. S. 640, 676, 68 S. Ct. 763, 92 L. Ed. 986, 1005; *Betts v. Brady*, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595.

In the present case there are no such circumstances as would make applicable those cases which hold that

the accused in the absence of counsel has been deprived of some constitutional right or has been denied "substantial justice." See *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 67 A. 2d 770. While the writ of habeas corpus is a writ of right, it does not issue as of course but only on cause shown. *Passmore Williamson's Case,* 26 Pa. 9; *Com. ex rel. McGlinn v. Smith,* supra, 344 Pa. 41, 44, 47, 24 A. 2d 1. In the present proceeding relator has failed to show any cause.

The rule is discharged, and the writ is refused.