## Commonwealth ex rel. Reynolds, Appellant, *v.* Burke.

Submitted March 19, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Ernest Reynolds,* appellant, in propria persona, submitted a brief.

*Henry M. Koch,* District Attorney, and *Edward Youngerman,* Assistant District Attorney, for appellee, submitted a brief.

OPINION BY WRIGHT, J., April 14, 1953:

Appellant was charged with larceny, burglary, armed robbery, and other crimes in seven bills of indictment. He was convicted by a jury, and sentenced on March 12, 1936, to serve not less than ten nor more than twenty years in the Eastern State Penitentiary. On December 25, 1945, appellant was paroled. During the period of his parole, he was sentenced (March 6, 1952) on a charge of forgery to serve not less than one nor more than two years. The present appeal is from the order of the Court of Common Pleas of Berks County discharging his rule to show cause why a writ of habeas corpus should not issue.

Appellant's complaints relate to the conviction in 1936. His first contention is that he was deprived of a fair trial in that (a) the trial judge refused to grant a continuance, which prevented appellant from securing counsel of his own choice; (b) the trial judge did not charge the jury in an impartial manner; (c) no notes of testimony were taken. Appellant's second contention is that his sentence has been unlawfully changed.

So far as appellant's first contention is concerned, the reasons advanced do not support his application. A writ of habeas corpus is not a substitute for a new trial motion or for an appeal: *Com. ex rel. Carey v.*

*Prison Keeper,* 370 Pa. 604. In any event it does not appear that appellant's conviction was a violation of due process. He was represented at the trial by counsel appointed by the court, to whom Judge Hess of the court below refers as an able and experienced lawyer. No allegation is made that counsel failed to fully protect appellant's interests. The purported instruction by the trial judge of which appellant complains was in no way prejudicial. Appellant does not allege that a court reporter was requested at the trial and his demand for notes of testimony was not made until September 12, 1952, long after the appeal period had expired.

Finally, it does not appear that appellant's sentence has been changed. His conviction while on parole has resulted merely in the extension of the expiration date of his maximum term. This is in accordance with well established law: *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109. Under the circumstances it was not necessary for the lower court to grant appellant a hearing, and the rule was properly discharged: *Com. ex rel. Chambers v. Claudy,* 171 Pa. Superior Ct. 115, 117.

The order of the court below is affirmed.