Commonwealth ex rel. Scasserra, Appellant, *v.* Maroney.

Argued March 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Philip Scasserra,* appellant, in propria persona, submitted a brief.

*H. F. Dowling,* District Attorney, with him *Richard D. Walker,* Assistant District Attorney, for appellee.

OPINION BY ROSS, J., July 21, 1955:

This is an appeal from the dismissal by the Dauphin County Court of a petition for a writ of habeas corpus which was based upon an alleged violation of relator-appellant's constitutional right of due process in that he received no preliminary hearing before a magistrate prior to his indictment.

Appellant was sentenced to a term of not more, than four nor less than two years in the Eastern State Penitentiary for a burglary of the Bureau of Motor Vehicles of the Commonwealth of Pennsylvania at Harrisburg. This sentence, imposed by the Dauphin County Court, was to be computed from the expiration of a sentence which he was serving in Allegheny County, and it is this Dauphin County sentence which is here attacked.

It appears that appellant removed a number of automobile certificates of title from the Bureau of Motor Vehicles office. He and an accomplice then located the vehicles and proceeded to steal and sell them by using forged registrations and assignment of titles. In July 1951 the New York police apprehended him.

While in custody he gave a detailed written confession of his operations in Pennsylvania, including the burglary for which he was sentenced. He waived extradition and returned to Pennsylvania. At Harrisburg he re-enacted the burglary of the Bureau of Motor Vehicles and was then removed to Allegheny County, where he was convicted and sentenced for one of the auto thefts. Meanwhile a member of the Pennsylvania State Police swore to an information charging appellant with the burglary at Harrisburg and a warrant issued. The grand jury of Dauphin County indicted appellant and on August 4, 1952, in the company of his attorney, he entered his plea of guilty, and

so indorsed the indictment. He was then sentenced by the court.

Two years later, on August 13, 1954, he filed the instant petition for a writ of habeas corpus, setting up the alleged procedural irregularity in the process of his indictment, conviction and sentence. He contends that his constitutional right to due process of law was violated by reason of the fact that he was indicted without having first been given a preliminary hearing by the magistrate in Harrisburg before whom the informations were sworn. He relies principally upon Article I, sections 9 and 10 of the Pennsylvania Constitution.

Article I, section 9 provides: "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel . . ." His reasoning apparently is that he must have a hearing and be represented by counsel at every stage of the proceedings, beginning with the arrest on through to final determination. That is not true. *Com. v. Shupp,* 365 Pa. 439, 75 A. 2d 587. The constitutional right to be heard was amply afforded this appellant at his trial where he was represented by his own counsel, and at which hearing he chose to plead guilty.

Article I, section 10 provides: "No person shall, for any indictable offense, be proceeded against criminally by information . . ." Appellant reasons that he could not be indicted by the grand jury since the magistrate before whom the information was sworn held no preliminary hearing, hence he was "proceeded against criminally by information". We do not agree. In *Com. ex rel. Stanton v. Francies,* 250 Pa. 496, 95 A. 527, it was explained that "information" in the sense that it is used in this section of the Constitution has specific reference exclusively to practices which were formerly used in England, whereby, upon information

in the King's Court by some person, the accused was put on trial without further inquiry or investigation. That certainly is not the situation here.

In one instance, *Com. ex rel. Bandi v. Ashe,* 367 Pa. 234, 80 A. 2d 62, a defendant was indicted and pleaded guilty to murder without either an information being sworn or a preliminary hearing before a magistrate. The only proceeding prior to indictment was a coroner's inquest which held the case for the grand jury. It was there decided that the lack of a preliminary hearing was immaterial.

Appellant here could have formally and expressly waived his preliminary hearing. Had he done so and the record so indicated, he would be clearly precluded from raising the issue here. *Com. ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 68 A. 2d 360. We agree with the learned court below in holding that in effect relator waived his preliminary hearing by appearing with counsel and pleading guilty.

Furthermore, it is well established in our law that a petition for habeas corpus cannot be used to attack the sufficiency or regularity of proceedings prior to the grand jury's true bill, especially where the relator pleaded guilty at trial and then, after sentence, raises the question for the first time in his petition for habeas corpus. The proper procedure would have been an attack upon the improper proceeding by a timely application. *Com. ex rel. Geisel v. Ashe,* supra.

The appellant here does not question his guilt. He asserts merely a procedural irregularity at this date in an effort to win his freedom. He confessed to the offense; he was represented by counsel at the time he chose to plead guilty. He did not then attack the proceedings prior to the action of the grand jury. We are not unmindful of the constitutional guarantees of an

accused, and we do not hesitate to protect those rights in a proper case. Here, however, the appellant has not only failed to act timely, but he has failed to show that his rights have been transgressed.

Order affirmed.