**UNITED STATES of America ex rel. William B. LANCASTER**

v.

**F. C. JOHNSTON, Warden, et al., Western State Penitentiary, Pittsburgh, Pennsylvania.**

No. 13884.

United States District Court
W. D. Pennsylvania.

Oct. 6, 1955.

---

8. Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679.

9. 28 Tex.Jur. 121, sec. 40.

10. Rose v. First State Bank, footnote 4 supra.

William B. Lancaster, in pro. per.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This petition for a writ of habeas corpus was filed by William B. Lancaster in propria persona. He says he is in unlawful custody pursuant to a judgment of the state court. The matter will be considered, therefore, under 28 U.S.C.A. § 2254.

The first inquiry is directed to the proposition as to whether the applicant has exhausted the remedies available to him in the courts of Pennsylvania. Petitioner was indicted, tried by a jury and convicted of burglary in the Court of Oyer and Terminer of Fayette County and was sentenced to an indeterminate term on November 29, 1949, for a period of not less than one year and four months, nor more than five years, to be computed from August 29, 1949. Thus, the five years would have expired, if he had served his maximum sentence, on August 29, 1954. At the trial in the county court, petitioner was represented by counsel of his own choice. He does not allege that he appealed from his conviction and sentence, nor does an examination of the state court appellate decisions indicate an appeal taken from petitioner's case at 11/49 September Term, 1949, Fayette County.

Petitioner filed a petition for a writ of habeas corpus in the Common Pleas Court of Fayette County on November 16, 1954. This petition was refused by Judge Morrow. From the excerpt of Judge Morrow's decision attached to the application here, it appears that the petition filed in the county court on November 16, 1954, was the second petition for a writ of habeas corpus before the same state court. Petitioner does not indicate in this court any steps taken by him relative to the denial of either his first or second petition in the county court, except after the denial by Judge Morrow, petitioner applied to both the Superior Court and the Supreme Court of Pennsylvania to proceed in forma pauperis. However, his motion before both courts was styled "Motion of Allowance of Appeal," but in the copy of the motion attached to his petition here, it appears that he simply prayed that he be allowed to proceed on his appeal in forma pauperis. His motions before the appellate courts of Pennsylvania, were denied and he thereafter applied to the Supreme Court of the United States for a writ of certiorari, which was denied on June 6, 1955, Lancaster v. Com., 349 U.S. 967, 75 S.Ct. 900. In Exhibit A attached to the petition here, there is an excerpt from

Judge Morrow's opinion in which he said:

" * * * It seems to us that the decision of the Superior Court April 14, 1953, in Commonwealth ex rel. Reynolds v. Burke, 173 Pa. Super. 146 [96 A.2d 193], is a complete answer to the petition here. * * *

* * * * *

"4. Where a paroled convict during his parole commits a crime punishable by imprisonment he is required to serve the remainder of the term which he would have been compelled to serve but for the parole, and the resulting extension of the expiration date of the maximum term of his original sentence does not constitute a change in such sentence.

"It is our opinion that the present petition of Lancaster, like his former one, is without merit and should be refused."

It thus appears that the petitioner did not appeal his conviction and sentence as originally imposed, nor did he take any steps whatsoever to review the merits of his case in the appellate courts of Pennsylvania. He did however, as noted, seek appellate review of the denial of his application for a writ of habeas corpus in the county court of Fayette County, Pennsylvania. · It also appears in his application before this court that he entered upon the service of his sentence, was paroled, and because of a breach of his parole, was imprisoned for the balance of his original term. It was during this period that the petition for habeas corpus, filed on November 19, 1954, was considered by the state courts.

 The issue is thus presented, and it is whether a person, when tried to a jury with assistance of counsel of his own choice, is convicted and sentenced and thereafter takes no steps to review his conviction and sentence in the state courts, can claim relief in this court by use of habeas corpus. The record presented here indicates that it was only after he was recommitted to prison for vi-olation of parole that he then sought relief in the state courts on habeas corpus. This has been denied. One ground of denial was that petitioner sought in the state courts to substitute habeas corpus for appeal. It so happens that in a very recent decision this same issue was decided by the Court of Appeals for the Seventh Circuit in the case of United States v. Ragen, 224 F.2d 611. It was there held that a state prisoner who did not seek the avenues of appeal in the state courts could not thereafter by habeas corpus come into the federal courts to have his conviction reviewed.

In his application for habeas corpus in the state court and in this court, petitioner presented substantially the same grounds for relief. As to the merits of his case, he first claimed that he was convicted by a forged confession. He also says that he was held incommunicado for a period of eighty-six hours after his arrest, during which period police officers sought to obtain a confession from him. It is noted from the record that he was apprehended on the burglarized premises by policemen. He says, however, that the confession used against him at the trial was forged. He says, by way of inference at least, that he never signed the alleged confession, therefore there is no prejudice suffered by petitioner entitling him to relief in this court for an alleged attempt to coerce him into a confession which he says he did not sign. The issue on that point simply is as to whether he was convicted by evidence showing his guilt beyond a reasonable doubt, an item in which may have been a forged confession. Although it does not appear from the record before me that this issue was submitted to the jury at his trial, it was certainly an issue which the petitioner might have raised in the state courts, had he pursued an appeal in the appellate courts of Pennsylvania.

It thus appears that the applicant here has not exhausted the remedies available to him in the courts of Pennsylvania, nor does it appear that there is either an absence of available state corrective process or the existence of circumstanc-

es rendering such process ineffective to protect the rights of the prisoner. The contrary appears, that is, that state process by way of appeal was available but not pursued by petitioner.

■ From the petition presented, it is not necessary for this court to hold a hearing on the merits, facts or law, as I am satisfied that petitioner has not exhausted his state remedies. This conclusion is based on his petition and accompanying exhibits filed in this court. Also, an examination of the documents presented here does not indicate that any federal constitutional right of petitioner has been violated. See Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 and United States ex rel. Sholter v. Claudy, 3 Cir., 203 F.2d 805.

The application will be refused.