Commonwealth ex rel. Musser, Appellant, *v.* Day.

Submitted October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Gerald C. Musser,* appellant, in propria persona.

*William C. Storb,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., January 17, 1956:

This is an appeal from the refusal of the Court of Common Pleas of Lancaster County to grant a writ of habeas corpus to the relator who is confined in the State Penitentiary at Graterford, serving a sentence imposed by the Court of Oyer and Terminer of Lancaster County on December 16, 1953 to a term of not less than five nor more than ten years on a charge of robbery by assault and force to begin at the expiration of a prior sentence imposed by the same court on December 5, 1952.

The record shows that a fugitive hearing was held before Alderman J. Edward Wetzel July 28, 1953 and a true bill found against the relator September 15, 1953, after the district attorney had obtained leave to present a fugitive indictment to the grand jury.

On December 14, 1953 relator was tried, convicted and thereafter sentenced. The validity of the preliminary hearing and the indictment were not questioned at or before the trial. Relator was represented at the trial by two attorneys who entered their appearance September 21, 1953 a few days after the indictment and almost three months before trial.

The relator now complains that because he did not have the opportunity to appear at the preliminary hearing which was held during the time when he was incarcerated, he was denied due process of law and therefore the indictment and his subsequent conviction are a nullity.

The relator could not question the regularity of the proceedings before the alderman or the grand jury after going to trial. *Com. v. Schoen,* 25 Pa. Superior Ct.

211 (1904) ; *Com. v. Lewandowski,* 74 Pa. Superior Ct.
512 (1920) ; *Com. ex rel. Rushkowski v. Burke,* 171
Pa. Superior Ct. 1, 5, 89 A. 2d 899 (1952) ; *Com. v.
Poley,* 173 Pa. Superior Ct. 331, 336, 98 A. 2d 766
(1953).

Even if he could have raised these questions at the
trial, he can not now raise them by a writ of habeas
corpus. *Com. ex rel. Geisel v. Ashe,* 165 Pa. Superior
Ct. 41, 68 A. 2d 360 (1949).

Order affirmed.