Commonwealth ex rel. Gaurich, Appellant, *v.* Keenan.

620

Submitted April 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*William Gaurich,* appellant, in propria persona.

*Edward C. Boyle,* District Attorney, *Earle T. Adair,* First Assistant District Attorney, and *William Claney Smith,* Assistant District Attorney, for appellee.

OPINION BY GUNTHER, J., July 17, 1956:

This is an appeal from the refusal of the Court of Common Pleas of Allegheny County to grant the writ of habeas corpus. At the outset, we wish to point out that appellant, William Gaurich, violated Rule 43 of this court in failing to serve notice of his appeal on the judge who entered the order. This practice is not

to be condoned and, for this reason alone, the appeal should be dismissed. However, we shall consider the case on its merits as a repeated guide and as a deterrent for filing petitions of like nature.

Appellant was convicted at No. 41 February Sessions, 1954, in the Court of Oyer and Terminer of Allegheny County of armed robbery and receiving stolen goods. At Nos. 206 and 207 February Sessions, 1954, in the Court of Quarter Sessions, he was convicted of assault with intent to kill. Sentence on the first charge was for a term of not less than 4 years nor more than 8 years in the Allegheny County Workhouse; sentence on the latter two charges were suspended by reason of the first sentence imposed. At the trial, appellant was represented by counsel. No appeal was taken from the conviction and sentence imposed.

The records disclose that the arrest on these charges was made on December 30, 1953 on information received and previously filed and that, on the same day, preliminary hearing was waived both by appellant and his co-defendant. Upon failure to post bail, appellant was lodged in the Allegheny County Jail. The informations were filed in the clerk of courts office on January 6, 1954 and true bills were returned by the February grand jury.

Appellant's contentions here are as follows: (1) That where a rule to show cause why a writ of habeas corpus should not issue is entered and hearing conducted thereon, it is a violation of his constitutional rights not to be produced for such hearing; (2) that the indictments, trial and sentence were invalid because he was not given a preliminary hearing; (3) that the information was signed on information received.

Both appellate courts of this Commonwealth have held repeatedly that an application for a writ of habeas corpus is not a substitute for an appeal or a writ of

error. *Commonwealth ex rel. Musser v. Day,* 180 Pa. Superior Ct. 191, 119 A. 2d 811; *Commonwealth ex rel. Sell v. Tees,* 176 Pa. Superior Ct. 57, 107 A. 2d 205; *Commonwealth ex rel. Sharpe v. Burke,* 174 Pa. Superior Ct. 350, 101 A. 2d 397 (see cases collected, p. 354); *Commonwealth ex rel. Yeschenko v. Keenan,* 179 Pa. Superior Ct. 145, 115 A. 2d 386; *Commonwealth ex rel. Bishop v. Maroney,* 382 Pa. 324, 114 A. 2d 906. Overlooking the fact, however, that appellant did not appeal from his conviction, a review of his contentions does not disclose any error or illegality in the entire proceedings upon which he would be entitled to his discharge.

(1) There can be no doubt that both prior and subsequent to the Act of May 25, 1951, P. L. 415, 12 P.S. 1901, et seq., it was proper for a court to dismiss a petition for writ of habeas corpus without a hearing if the petition and answers raised no material or substantial question of fact. *Commonwealth ex rel. DePoe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A. 2d 767; *Commonwealth ex rel. Reynolds v. Burke,* 173 Pa. Superior Ct. 146, 96 A. 2d 193; *Commonwealth ex rel. Bishop v. Claudy,* 373 Pa. 523, 97 A. 2d 54. Here a hearing was held on the rule to show cause and counsel was engaged to present appellant's legal arguments. No issues of fact were raised in the petition for writ of habeas corpus.

Section 5 of the Act of 1951, supra, (12 P.S. 1905) specifically provides that ". . . the judge . . . may or may not order the relator to be produced at the hearing, as the circumstances may warrant, . . ." The circumstances referred to in the Act obviously contemplate those situations where issues of fact are raised and which require proof through the relator or his witnesses. Whether or not a prisoner should be produced for a hearing in a habeas corpus proceeding is

determined by the issue raised in the particular case; and where there are no substantial issues of fact presented, neither the Act of 1951, the Pennsylvania Constitution nor the United States Constitution compels his production for a hearing. Cf. *Commonwealth v. Curry,* 285 Pa. 289, 132 A. 370; *Commonwealth ex rel. O'Niel v. Ashe,* 337 Pa. 230, 10 A. 2d 404; *U. S. v. Hayman,* 342 U. S. 205, 72 S. Ct. 263, 96 L. ed. 232. There is no constitutional right or guarantee to compel the presence of a relator only to press frivolous legal arguments which our appellate courts have ruled upon repeatedly.

(2) The Act of May 14, 1915, P. L. 499, 42 P.S. 1080, gives the accused the right to be heard by himself and witnesses by providing that:

"Hereafter, upon a preliminary hearing before a magistrate for the purpose of determining whether a person charged with any crime or misdemeanor against the laws, except murder, manslaughter, arson, rape, mayhem, sodomy, buggery, robbery, or burglary, ought to be committed for trial, the person accused, and all persons on behalf of the person accused, shall be heard if the person accused shall so demand."

Previous to this act, the accused had no right to be heard or to present witnesses in his own behalf. And while this right is now preserved for every accused charged with crimes not excluded in the Act, such right must be demanded. It is not a self-executing right. It should be further noted that the crime for which appellant was sentenced is excluded from the protection of the Act.

The records clearly indicate that counsel who appeared at the preliminary hearing waived such hearing on behalf of appellant and his co-defendant. Appellant was produced for a preliminary hearing and such would have been held were it not for the waiver.

He was present when such waiver took place and, if dissatisfied with such waiver, he could have demanded a hearing. Instead, he took advantage of the assistance of counsel and chose to remain silent. He is precluded from raising such issue here. *Commonwealth ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 68 A. 2d 360. It is well established in our law that a petition for a writ of habeas corpus cannot be used to attack the sufficiency or regularity of proceedings prior to the grand jury's true bill: *Commonwealth ex rel. Musser v. Day,* supra; *Commonwealth ex rel. Scasserra v. Keenan,* 175 Pa. Superior Ct. 636, 106 A. 2d 843; *Commonwealth ex rel. Scasserra v. Maroney,* 179 Pa. Superior Ct. 150, 115 A. 2d 912.

By the Act of May 8, 1854, P. L. 678, 42 P.S. 721, the return by the magistrate to the court of quarter sessions is to be made at least ten days before the commencement of the session unless the information be made within ten days, in which case the return is made in the same manner as if the act had not been passed. The Act of June 11, 1885, P. L. 110, 42 P.S. 722, relating to felony, provides that the return be made within five days after the binding over or committal of any defendant. The returns in this case were within time, and since the January grand jury was already in session, a finding by the February grand jury was proper. Appellant made no effort to attack the proceedings either prior or subsequent to the action of the grand jury, and he cannot now use this proceeding to correct such failure.

(3) The contention that the complaint was signed on information received must likewise fail. A complaint may be signed by any person who has knowledge of the facts or is reliably informed thereof. *Commonwealth v. Sitler,* 67 Pa. Superior Ct. 1, 6; *Commonwealth v. Mallini,* 214 Pa. 50, 63 A. 414. In any event,

this contention became moot when the appellant proceeded to trial without raising this objection. *Commonwealth ex rel. Musser v. Day., supra.*

The order of the court below is affirmed.