Commonwealth ex rel. Karpinski, Appellant, *v.* Burke.

Submitted March 26, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*John J. Karpinski,* appellant, in propria persona.

*Paul R. Sand,* Assistant District Attorney, *Joseph E. Pappano,* First Assistant District Attorney, and *Raymond R. Start,* District Attorney, for appellee.

OPINION BY CARR, J., October 2, 1956:

John J. Karpinski, a prisoner in the Eastern State Penitentiary under a sentence of from two and one-half to five years imposed by the Court of Quarter Sessions of Delaware County after he had pleaded guilty to an indictment for larceny, appeals from an order of the court below dismissing his petition for a writ of habeas corpus without a hearing.

In his petition for the writ he avers in substance: (1) that following his arrest he was subjected to four hours of intensive questioning; (2) that he was detained for seventeen days before being given a hearing before a magistrate; (3) that the preliminary hearings before two magistrates were improper and that he was not informed of the charges against him; (4) that the bail set by the magistrate ($800.00) was excessive; (5) that he was not assigned counsel until called in court for trial; (6) that he was not confronted with the witness against him; (7) that he was not afforded the opportunity to subpoena witnesses in his behalf; and (8) that when he was called for trial and was still ignorant of the charges against him, someone entered a plea of guilty for him without his knowledge or consent. All this is alleged in the copious and florid language of our prison lawyers.

His plea, however, appears on the back of the indictment over his own signature and is in these words, "I, the defendant, having so notified the District Attorney, do hereby willingly waive indictment by a Grand Jury and do hereby enter plea of guilty to the within bill of indictment." The record also discloses that present at sentence in addition to the defendant were his attorney, the assistant district attorney, the police officer who made the investigation, and Thomas Wynne who was the defendant's employer and the owner of the

stolen property. He was represented by competent counsel with whom he conferred before entering his plea. After the police officer had given the court a detailed account of the crime, Judge TOAL read to the relator a long list of the offenses of which he had been convicted since 1934, including a sentence of eighteen months to five years imposed in 1946 for larceny, forgery and false pretense, and from which he was on parole when the offense was committed for which he is now imprisoned. When given an opportunity to speak he said nothing about any of the matters of which he now complains and did not deny that he was guilty of this offense or the others read to him by Judge TOAL.

His petition is therefore obviously without merit. Having voluntarily waived presentment by a Grand Jury and pleaded guilty to the charge in open court, he cannot now question the validity of the preliminary proceedings. *Commonwealth ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 68 A. 2d 360; *Commonwealth ex rel. Scasserra v. Maroney,* 179 Pa. Superior Ct. 150, 115 A. 2d 912. Since the only object of a hearing would have been to attempt to impeach the record of the court of Quarter Sessions, the allowance of a rule to show cause and a hearing were not indispensable requisites to a proper determination of the case. It cannot be impeached in such a collateral proceeding. *Commonwealth v. Asher,* 181 Pa. Superior Ct. 80, 124 A. 2d 701; *Commonwealth ex rel. Chambers v. Claudy,* 171 Pa. Superior Ct. 115, 90 A. 2d 383.

The order of the court below is affirmed.