## Commonwealth ex rel. Thayer v. Keenan

*Richard V. Scarpitti*, Assistant District Attorney, for Commonwealth.

*Harold Thayer*, relator, p.p.

ROSSITER, J., October 25, 1957.—The relator above named pleaded guilty to two indictments (true bills) charging him with indecent assaults on a seven-year-old girl. The pleas entered in court were preceded by two pleas of guilty before the committing magistrate. The details of the indecent assaults were not delineated in the indictments but were outlined to the court at the time of sentencing and suffice it to say that they were revolting and reprehensible.

The case could well be curtly disposed of on the authority of Commonwealth ex rel. Karpinski v. Burke, 182 Pa. Superior Ct. 135, except as we cannot let go unchallenged some of the extravagant statements which, in the language of Commonwealth v. Burke, supra, are set forth in the "copious and florid language of our prison lawyers".

The first complaint is that his arrest was illegal because of it having been made on a Sunday. The records show that in only one of his two cases the arrest was made on a Sunday and, irrespective thereof, it was a preliminary which would now be foreclosed to judicial inquiry in this proceeding by his pleas of guilty. His next complaint is that the justice of the peace did not "enter into a full hearing and investigation of the facts". Here again, his pleas of guilty left nothing for the justice of the peace to do but to bind the case over to court. The next complaint was that he was refused bail, which is absolutely untrue as the records of this court show he was committed in default of $500 bail in each case. The next complaint is that at the time of sentencing, the undersigned, as trial judge, questioned petitioner about his past record. This is absolutely true and until the practice of a sentencing judge inquiring into the past record of a particular defendant entering a plea of guilty is abrogated by an appellate court, we expect

to continue this practice. How can any sentencing judge evaluate any guilty defendant without inquiring into his past?

Therefore, the record of this case being what you might call almost "letter perfect" and the petition for the writ of habeas corpus being directed against it with respect to matters preliminary to the pleas which are involved, it cannot be impeached in this collateral proceeding: Commonwealth ex rel. Karpinski v. Burke, 182 Pa. Superior Ct. 135.

### Order

And now, to wit, October 25, 1957, the petition for writ of habeas corpus in the above-entitled case is refused without hearing.