**UNITED STATES of America ex rel. Ronald F. MULHOLLEN, Relator, Petitioner**

v.

**Angelo C. CAVELL, Warden, Western State Penitentiary, Pennsylvania, Respondent.**

**Misc. No. 2355.**

United States District Court
W. D. Pennsylvania.

June 25, 1959.

No attorneys on either side.

McILVAINE, District Judge.

In this case the petitioner has filed his application for a writ of habeas corpus and leave to file same in forma pauperis. From his petition it appears that on October 8, 1957, he pled guilty to an indictment charging him with larceny and was sentenced from one to two years imprisonment to begin at the termination of the sentence that he was then undergoing.

He now contends that his imprisonment is unlawful because he was not present at a preliminary hearing held before he was indicted, and that he did not have adequate representation of counsel. Apparently, in Pennsylvania a defendant is entitled to a preliminary hearing on an information filed against him and has the right to be present at such hearing. However, the state law provides that the regularity of the proceedings before an alderman or the grand jury cannot be questioned after going to

trial. Com. ex rel. Musser v. Day, 1956, 180 Pa.Super. 191, 119 A.2d 811. What in substance this complaint is, is that there was an error or irregularities in the state's proceedings. However,

"Mere error or irregularity in state proceedings is not enough to warrant relief by a writ of habeas corpus from a federal court where there is no federal question or detention in violation of federal laws and rights." Vol. 15, Cyclopedia of Federal Procedure, § 86.48.

■ The petitioner's second contention is that he was denied the assistance of effective counsel. It appears that while the petitioner was in prison he wrote to the District Attorney of Allegheny County twice inquiring about a detainer lodged against him, and on September 17, 1957, was advised that his case would come up for trial on October 8, 1957, and that he would be brought into court. On that day he was brought into court and counsel was appointed for him by the Court. The petitioner alleges that he wanted to get his own counsel, but he does not state that he made any effort to get counsel or that he was even able to engage counsel of his own choosing. It would be rather doubtful that he could have employed counsel of his own choice especially in view of the fact that he was a pauper and could not even afford to pay the filing fees in his habeas corpus proceedings. Counsel was appointed for him by the state court. The attorney was a member in good standing of the Bar of the state court, and our own investigation shows that he is and was at the time in question a member in good standing of the Bar of this court.

"* * * In order for a state convict to be entitled to discharge on habeas corpus in a federal court on the ground of incompetency of counsel in violation of the due process clause of the Fourteenth Amendment, a petition must clearly allege the factual situation, clearly supported by competent evidence, show-ing that the representation of the counsel was such as to reduce the trial to a farce or sham." Vol. 15, Cyclopedia of Federal Procedure, § 86.68. See also United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976.

The petition here certainly does not meet that test, but merely makes general unsupported allegations. In fact, the petitioner does not even state that he is innocent of the charges on which he was in prison.

■ In many cases young attorneys serve indigent defendants at great personal expense to themselves and as services to the court. We do not feel that a writ of habeas corpus ought to be granted in a case such as this for the purpose of second guessing a court-appointed attorney and his handling of the case. The petitioner here did not say he was innocent of the charges against him. The sentence imposed by the Court of Allegheny County seems to be reasonably moderate under the circumstances. No ingredient of unfairness can be inferred. When he filed his petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County, that court considered his petition. We have examined the records both in the criminal court and in the court of common pleas and we had an opportunity to review the brief filed by the District Attorney of Allegheny County in the state habeas corpus proceedings. After a review of all these proceedings and his petition, we do not see where any of the facts he alleged even if true would be a violation of any rights protected by the Constitution of the United States. The remedy by which the petitioner here seeks the release by a writ of habeas corpus,

"* * * is an extraordinary one, out of the usual course, and involves, a collateral attack on the process or judgment constituting the basis of the detention. The instances in which it is granted, when the law has provided another remedy in regular course, are exceptional and

usually confined to situations where there is peculiar and pressing need for it or where the process or judgment under which the prisoner is held is wholly void. This case does not measure up to that test." Goto v. Lane, 265 U.S. 393, 401, 44 S.Ct. 525, 527, 68 L.Ed. 1070.

Accordingly, his application for a writ of habeas corpus and for leave to file same in forma pauperis should be denied.