## Commonwealth v. Davis

*Paul R. Beckert, District Attorney* and *Ward F. Clark, Assistant District Attorney,* for Commonwealth.

*James Fitzcharles, 3rd,* for defendant.

BIESTER, P. J., September 9, 1960.—Richard Davis, the above-named defendant, was charged before a justice of the peace of this county on February 12, 1959, with the offense of operating a motor vehicle while under the influence of intoxicating liquor. On the same day the transcript discloses that defendant appeared before the justice of the peace, and that "the charges read to the defendant a plea was asked for and entered in as not guilty with a request to waive hearing, which was granted:" On March 11, 1959, a true bill was found by the grand jury. On March 20, 1959, defendant, by his counsel, filed a motion to quash

the indictment, assigning as reason therefor that the justice of the peace had failed to hold a preliminary hearing and that defendant could not properly waive a preliminary hearing. The court allowed a rule thereon returnable April 13, 1959.

After oral argument before the court, this member of the court entered an order, without opinion, overruling the motion to quash and discharging the rule granted thereon. The case then went to trial, and on December 29, 1959, the jury rendered a verdict of guilty. Following the verdict, defendant filed motions in arrest of judgment and for a new trial, the motion for the new trial alleging that the verdict was contrary to the evidence and the weight of the evidence. The motion in arrest of judgment charges that the court erred in refusing to sustain defendant's motion to quash the indictment, and alleges that the evidence was insufficient to sustain the verdict of the jury. On July 22, 1960, we entered an order, without opinion, overruling, denying and refusing the motion for a new trial and in arrest of judgment.

At argument, counsel pressed only the failure of the court to quash the indictment. We believe there is no merit in defendant's position.

The transcript reveals that defendant waived a hearing, and we know of no impediment in the law for his so doing. The Act of May 14, 1915, P. L. 499, 42 PS §1080, giving the accused the right to be heard provides:

"Hereafter, upon a preliminary hearing before a magistrate for the purpose of determining whether a person charged with any crime or misdemeanor against the laws, except murder, manslaughter, arson, rape, mayhem, sodomy, buggery, robbery, or burglary, ought to be committed for trial, the person accused, and all persons on behalf of the person accused, shall

be heard *if the person accused shall so demand.*" (Italics supplied).

It is thus clear that such right to be heard at a preliminary hearing is not self-executing and must be demanded: Commonwealth ex rel. Gaurich v. Keenan, 181 Pa. Superior Ct. 619, 623.

It is our understanding that defendant wished us to either accept the affidavit which he has filed denying that a hearing was waived, or to hold, prior to the trial, an inquiry permitting the production of evidence by defendant and the Commonwealth and thus pass upon, preliminarily, the factual determination of the question as to whether or not there had been a waiver of the hearing. Even in the affidavit there is no contention that a preliminary hearing was demanded and refused.

In any event, alleged defects or irregularities preliminary or antecedent to the indictment should not be considered on a motion to quash, and such a motion based upon the allegation of extraneous factors should not be sustained, unless it clearly appears that defendant has been harmed by some improper conduct that interfered with his substantial rights: Commonwealth v. Brownmiller, 141 Pa. Superior Ct. 107, 116; Commonwealth v. Gross, 172 Pa. Superior Ct. 85, 92; Commonwealth v. O'Brien, 181 Pa. Superior Ct. 382, 397; Commonwealth v. Evans, 190 Pa. Superior Ct. 179, 197. In addition, the cases are myriad which hold that the entry of bail waives procedural errors and this is especially so when the motion to quash is made after an indictment found: See Commonwealth v. Poley, 173 Pa. Superior Ct. 331, and cases there cited; Commonwealth v. Weinstein, 177 Pa. Superior Ct. 1; Commonwealth v. Schwartz, 178 Pa. Superior Ct. 434, 446.

Defendant also advances the rather specious argument that since he was brought before the justice of

the peace about one and three-quarters hours after his arrest, and since he was charged with being intoxicated at the time of his 'arrest, it necessarily follows that he was intoxicated at the time he waived the hearing. This in spite of the fact that defendant vigorously contested his intoxication at the trial. We think no useful purpose would be served by pointing out the weaknesses of this contention.