## Commonwealth v. Maute

*Jerome Nulty,* for Commonwealth.

*Ronald Robinson,* for defendant.

DITTER, J., June 23, 1967.—An information charges defendant with a violation of The Vehicle Code. This is a motion to quash on the grounds that the officer who brought the prosecution did not observe the offense and has failed to indicate this fact on the information.

It has been the rule in this court for many years that if an information under The Vehicle Code is not founded upon an officer's personal knowledge, he must add words which in substance say that he is acting upon "information received which is believed to be

correct": Commonwealth v. Glorioso, 8 D. & C. 2d 482 (1956); Commonwealth v. Herbein, 68 Montg. 225 (1952). This has also been the rule in certain other counties: Commonwealth v. Deppen, 52 D. & C. 442 (1944); Commonwealth v. Hockenberry, 72 D. & C. 274 (1950). We are convinced that these cases do not represent a sound view of the law. Apparently they were decided without reference to Commonwealth v. Mallini, 214 Pa. 50 (1906), which held that in a murder case an information may be signed by anyone who has knowledge of the facts or is reliably informed thereof. See also Commonwealth ex. rel. Gaurich v. Keenan, 181 Pa. Superior Ct. 619, 624 (1956).

In Commonwealth v. Gentry, 31 D. & C. 2d 221 (1963), President Judge Gawthrop of Chester County ruled that there was no statutory or constitutional requirement that an information reveal that it is not founded upon the personal knowledge of the officer who signed it. President Judge Gawthrop indicated that if an officer is willing to take an unequivocal oath that the accused committed the act in question, the oath itself is an averment of his belief of the facts stated.

The same result is reached in Commonwealth v. Hilliard, 37 D. & C. 2d 568 (1965), by President Judge Flick, of the Thirty-seventh Judicial District, comprising Warren and Forest Counties. It would serve no useful purpose to repeat the examination of the cases and the reasons set forth in Gentry and Hilliard. We feel that the logic of these decisions is persuasive and we specifically overrule Commonwealth v. Glorioso, supra, and Commonwealth v. Herbein, supra. It follows that we must also refuse to quash the information.

And now, June 23, 1967, defendant's motion to quash the information is hereby refused.