Commonwealth *v.* Villano, Appellant.

274

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Gerald Villano,* appellant, in propria persona.

*Charles B. Watkins,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, August 11, 1969:

Appellant, claiming a denial of his direct appeal rights under *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), petitioned for relief under the Post Conviction Hearing Act.* The petition was denied without a hearing, and appellant appealed pro se. The Superior Court, on motion of the Commonwealth, then remanded for the appointment of counsel. The Allegheny County Public Defender was appointed to represent appellant on the appeal. Counsel then merely xeroxed and submitted a brief wholly prepared by appellant. The Superior Court affirmed per curiam, Judges SPAULDING and HOFFMAN dissenting, and we granted allocatur.

The Commonwealth now concedes that the manner in which the Allegheny County Defender took appellant's appeal to the Superior Court violated the rationale of *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968), a decision mandated by *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967). Clearly this is true; the right to be represented by counsel envisions much more for a petitioner than the use of the Defender's xerography equipment. Counsel must not merely be present—he must act as an *advocate.*

The Commonwealth now also petitions for this case to be remanded for an evidentiary hearing on the question whether appellant waived his right of direct appeal from his conviction. We agree that this is proper, and appellant's counsel also favors the granting of the petition. Thus the Commonwealth's petition for remand for the holding of an evidentiary hearing is granted.

---

* Petitioner has made other claims, not herein relevant, in this petition and in two prior PCHA petitions. In neither of the earlier cases was he represented by counsel.