442 A.2d 331

COMMONWEALTH of Pennsylvania

v.

**Randy Ross LENHART, Appellant.**

Superior Court of Pennsylvania.

Submitted May 22, 1981.

Filed March 5, 1982.

Randy Ross Lenhart, appellant, in pro. per.

David J. Flower, Assistant District Attorney, Somerset, for Commonwealth, appellee.

Before HESTER, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

Appellant, Randy Ross Lenhart, was found guilty of rape, kidnapping, aggravated assault, and simple assault. *Pro se* and counselled post-verdict motions were filed and dismissed. Judgment of sentence was imposed, and appellant received terms of imprisonment of ten to twenty years on the rape conviction, ten to twenty years on the kidnapping conviction, and five to ten years on the aggravated assault conviction. Additionally, appellant was fined $500.00 on each count, and the court ordered the aggravated assault conviction to run concurrent with the other terms. At the same time, appellant was sentenced in an unrelated case to a term of not less than two nor more than four years in prison on a charge of escape to which he entered a plea of guilty. This appeal followed.

On appeal, appellant raises three issues concerning trial counsel's ineffectiveness for failing (1) to raise pretrial that his arrest was not supported by probable cause; (2) to file a pre-trial motion to suppress tainted identification procedures; and (3) to subpoena and call certain relevant defense witnesses. The merits of these issues cannot be addressed at this stage because appellant is in need of a properly counselled advocate's brief.

The procedural facts pertinent to a resolution of the instant appeal reveal the following:

At trial and during the filing of post-verdict motions, appellant was represented by the Public Defender's Office of Somerset County. On September 3, 1980, the trial court

rejected appellant's request to appoint different counsel. At that time, the court "saw no reason to replace Mr. Johnson [from the Public Defender's Office]." Record, No. 12. Then, the trial court dismissed two sets of post-verdict motions, one set which was filed by appellant *pro se* and the other set which was filed by appellant's counsel. In appellant's *pro se* motion, issues of trial counsel's ineffectiveness were raised.

■ However, on November 21, 1980, the trial court appointed Gordon D. Reynolds, a private attorney, to "prepare [appellant's] appeals from the Court's sentences". Record No. 21. Although Attorney Reynolds filed a notice of appeal and a petition to proceed in forma pauperis on appellant's behalf, it appears that he has not filed a brief before this Court since the only brief of record in the instant appeal was filed *pro se.*

Inasmuch as appellant did not receive the assistance of counsel in preparing his brief, counsel is directed to file a brief.

In the past, we have stressed the importance of affording a defendant the opportunity to have the assistance of counsel in court proceedings. *Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981). Accord *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967). Counsel's assistance, of course, is needed because an

"[e]xploration of the legal ground for complaint, [an] investigation of the underlying facts, and [a] more articulate statement of the claims are functions of an advocate that are inappropriate for a judge, or his staff." *Commonwealth v. Hobson*, 286 Pa.Super. at 278, 428 A.2d at 991.

For some reason which is not apparent from our independent review of the record, the issues before this Court have not been framed by an advocate, and instead, we are presented with a *pro se* brief which inartfully sets forth the issues. See *Commonwealth v. Villano*, 435 Pa. 273, 275, 256 A.2d 468, 469 (1969) ("the right to be represented by counsel

envisions much more than the use of the [Public] Defender's xerography equipment. Counsel must not merely be present—he must act as an *advocate.*") (emphasis in original).

■ Additionally, we note that counsel has not filed a petition and brief to withdraw from the case. See *Commonwealth v. Burgess*, 263 Pa.Super. 234, 236, 397 A.2d 833, 834 (1979). Under these circumstances, counsel has not been relieved of his duty to "prepare [appellant's] appeals from the Court's sentences." Record No. 21.[1] Therefore, counsel for appellant is directed to (1) proceed with the appeal by filing an advocate's brief on the merits or (2) to file a withdrawal petition and brief meeting the description previously set forth in *Commonwealth v. Greer*, 455 Pa. 106, 108–09, 314 A.2d 513, 514–15 (1974), and *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977). In either case, counsel is to file a new brief within thirty (30) days, or risk sanctions. See e.g., *Commonwealth v. Burgess*, supra.

Jurisdiction is retained.

---

1. We note that the order referred to is captioned in the following manner: "*ORDER APPOINTING APPELLATE COUNSEL*". Record No. 21. Thus, there is no doubt that counsel was assigned to represent appellant on appeal.