452 A.2d 855

COMMONWEALTH of Pennsylvania

v.

Gary Lee MILLIGAN, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 14, 1981.

Filed Nov. 19, 1982.

Gary Lee Milligan, appellant, in pro. per.

George Yatron, District Attorney, Reading, for Common-wealth, appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

Appellant was found guilty of conspiracy to commit escape[1] and following the denial of his post-verdict motions, sentenced to two and one-half to five years imprisonment and to pay a fine of $100.00. This appeal followed.

Appellant raises four issues on appeal, namely: (1) whether the trial court committed error by refusing to conduct a timely habeas corpus hearing, pursuant to Appellant's petition, and for unlawfully aborting such hearing once it had commenced, (2) whether the trial court abused its discretion in severing Appellant's trial from the trial of co-conspirators, (3) whether sufficient evidence supported the conspiracy conviction, when Appellant's alleged co-conspirators were both acquitted subsequent to Appellant's conviction and, (4) whether standby counsel appointed to Appellant rendered ineffective assistance for failing to file meritorious post-verdict motions involving the court's refusal to allow cross-examination of a Commonwealth witness and the court's submission of written instructions to the jury after the jury requested clarification of an issue.

The procedural history of this case indicates that Appellant represented himself at trial, with the trial court appointing standby counsel from the Office of the Public Defender. After the rendering of the guilty verdict, Appel-

1. 18 Pa.C.S.A. §§ 903, 5121.

lant petitioned for appointment of counsel. The trial court, by Order dated April 28, 1980, appointed Appellant's standby counsel "to represent Gary Lee Milligan in the *appeal* of the above-captioned case." (emphasis added). Appellant's counsel then filed post-verdict motions and represented Appellant at argument on said motions and at the sentencing hearings. Appellant then filed a pro se Petition to Modify, Vacate and Reconsider Sentence which the trial court denied. This pro se direct appeal followed, along with Appellant's pro se brief. No Commonwealth brief appears of record.

■ This court has often stressed the importance of affording a defendant the opportunity to have assistance of counsel in court proceedings. *See e.g. Commonwealth v. Lenhart,* 296 Pa.Super. 131, 442 A.2d 331 (1982); *Commonwealth v. Hobson,* 286 Pa.Super. 271, 428 A.2d 987 (1981). The right to be represented by counsel involves more than mere presence; counsel must act as an *advocate. Commonwealth v. Villano,* 435 Pa. 273, 256 A.2d 468 (1969). Once retained, counsel is to protect the interests of the accused. *Commonwealth v. Volk,* 298 Pa.Super. 294, 444 A.2d 1182 (1982).

■ From our review of the record, including Appellant's pro se brief, we are unable to establish that Appellant's court-appointed counsel has assisted Appellant in the prosecution of this appeal. Nor is there any evidence of counsel's attempt to withdraw. Instead, we are faced only with Appellant's inartfully drafted pro se brief.

Therefore, we remand this case to the trial court for (1) a determination on the record as to (a) whether Appellant's court-appointed counsel for appeal remains as counsel of record for Appellant, and (b) whether Appellant desires or requires assistance of counsel [2] and (2) for a review and resubmission of a brief arguing any issues found to exist

**2.** Appellant need not proceed on appeal with counsel, as every defendant has a constitutional right to represent himself if he voluntarily and intelligently elects to do so. *Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978).

following consideration and proper consultation by Appellant with his counsel, if any. This remand is ordered without prejudice to Appellant's right to resubmit this appeal at a different term and number of this court. Jurisdiction is not retained.