## Commonwealth *v.* Mallini, Appellant.

*Criminal law—Murder—Information—Indictment.*

Where an indictment for murder has been regularly found after a hearing before a justice, it is too late at the trial to move to quash the indictment for the insufficiency of the information.

An information by a county detective officer before a justice of the peace to the effect that "being duly sworn" he "deposes and says that the prisoner did kill and murder the deceased by stabbing him in the body with a knife. On information received," is not open to the charge of insufficiency because it does not show probable cause, and because it fails to set forth the deponent's belief that the charge was true.

*Criminal law—Murder—Jury—Deputy sheriff—Coroner.*

Where the sheriff of a county is absent from the county in foreign parts, the coroner may under the common law, and under the Act of April 14, 1834, sec. 131, P. L. 333, perform the sheriff's duties in regard to selecting, summoning and returning jurors. The Act of May 24, 1887, P. L. 185, authorizing the appointment by the sheriff of the chief deputy, does not, it seems, repeal the earlier act, or change the ancient system. Whether this is the case or not, where no chief deputy has been appointed under the act of 1887, the coroner must perform the duties.

Argued Jan. 29, 1906. Appeal, No. 377, Jan. T., 1905, by

defendant, from judgment of O. & T. Fayette Co., Sept. T., 1905, No. 30, on verdict of guilty of murder of the first degree in case of Commonwealth v. Giovanni Mallini.   Before MITCH-ELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Indictment for murder.   Before REPPERT, P. J.
The opinion of the Supreme Court states the case.

*Errors assigned* were in refusing to quash the indictment, and in refusing to arrest the judgment.

*A. E. Jones,* with him *S. R. Shelby,* for appellant.—If the information in this case is insufficient and unconstitutional, it should be so held.   The sincerity of the county detective in making, or the justice in accepting, the information, the proba-bility of the defendant's guilt are all matters about which, the defendant in this case contends, there should be no concern: Conner v. Com., 3 Binney, 38; Com. v. Barr, 25 Pa. Superior Ct. 609; Com. v. Roland, 18 Lanc. L. Rev. 25; Com. v. Clement, 8 Pa. Dist. Rep. 705; Burk v. Howley, 179 Pa. 539; March v. Com., 21 W. N. C. 566; Com. v. Schoen, 25 Pa. Superior Ct. 211; Com. v. Kaiser, 184 Pa. 493.

The jury was improperly drawn: Com. v. Church, 1 Pa. 105; McCullough v. Com., 67 Pa. 30; Com. v. Keenan, 67 Pa. 203; Hutchison v. Com., 82 Pa. 472; Ginter v. York Co., 3 Pa. C. C. Rep. 111; Goldfon v. Allegheny Co., 14 Pa. Superior Ct. 75; In re Munger, 10 Appellate Div. 347 (41 N. Y. Supp. 882); Stamey v. Barkley, 211 Pa. 313; Brown v. Com., 73 Pa. 321; Kittanning Ins. v. Adams, 110 Pa. 553; Com. v. Zillafrow, 207 Pa. 274.

*Thomas H. Hudson,* district attorney, *Davis W. Henderson,* assistant district attorney, and *D. W. McDonald,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE MITCHELL, February 12, 1906:

The assignments of error raise only two questions.

First, the insufficiency of the information.   The county de-tective officer appeared before a justice of the peace, and, "be-

ing duly sworn, deposes and says that . . . . Giovanni Mallini did kill and murder Antonio Rippe by stabbing him in the body with a knife. On information received." At the trial a motion was made to quash the indictment for the insufficiency of the information. It was too late. The indictment was regularly found after a hearing before the justice, and such finding " cannot be invalidated for any such reason : " Com. v. Brennan, 193 Pa. 567.

But the objection to the information was not tenable on the merits. It was based on the allegation that the information did not show probable cause, and, further, that it failed to set forth the deponent's belief that it was true. As to the first it is sufficient to say that the deponent made positive affidavit of the fact of killing. There is no rule in regard to this or any other proceeding that an affirmative averment must set out the evidence on which the deponent makes it. As to the second objection, after his positive affidavit of the fact any further averment of deponent's belief was wholly unnecessary. His affidavit necessarily included his belief. And even without his affirmative affidavit his belief so far as required to be shown at all was necessarily implied in his action. He was a county official charged with the duty of assisting in the administration of justice, and especially in the discovery and arrest of supposed criminals. When he appeared in his official capacity and on oath procured the issue of a warrant for an arrest for the highest crime known to the law, to require a formal statement on the face of the information that the deponent believed what he was swearing to would be sacrificing substance to the flimsiest kind of technicality. The perpetrator of crime has always the start of the law, and justice must move quickly to overtake him. It is the duty of the officers to act promptly on such information as may be at hand. The more careful investigation as to the individual devolves later on the grand and petit juries. If the officers are too hasty or overzealous and act on insufficient evidence the proper remedy for immediate relief is the writ of habeas corpus, and later if there is any indication of wanton or careless disregard of his rights an innocent man is never likely to fail of redress by an action for false imprisonment.

The second question raised by the assignments of error is

that the grand and petit juries were irregularly and illegally drawn. The sheriff of Fayette county being in England the court below made a formal order of record that in his absence his duties in regard to selecting, summoning and returning of jurors should be performed by the coroner in accordance with the Act of April 14, 1834, P. L. 333. The coroner performed the duties under this order. The act of 1834, sec. 131, provides that "in case of the death, resignation, removal from office, inability or incompetency of any sheriff to act" his duties relative to the selecting, summoning and returning of jurors shall be performed by the coroner. The order of the court below followed the exact command of the statute. That a sheriff absent in England was under an "inability" to draw a jury in Fayette county does not need further demonstration.

It is argued for appellant that that section of the act of 1834 is superseded by the Act of May 24, 1887, P. L. 185, authorizing the appointment by the sheriff of a chief deputy to take charge of his office and "to execute and make returns of all writs and other processes directed to the sheriff, and to perform all other duties incumbent upon the sheriff." But it is to be observed that this is a general act having manifest application to the ordinary routine of the sheriff's office, and it is not at all clear that it was intended or has the effect of repealing the specific provisions of the act of 1834 as to the selection of jurors, or of changing the ancient system inherited from the common law and enacted in our statutes from the provincial days by which in certain cases the duties of the sheriff devolve upon the coroner.

But whether or not in any case a chief deputy should be substituted for the coroner in the selection of jurors it could not be claimed here. The act of 1887 requires the deputy to be appointed by deed duly recorded, and his authority is dependent upon "an order of the court of common pleas first made for that purpose." There is no evidence here that the sheriff of Fayette county had appointed such chief deputy, and the order of court delegating the duties to the coroner is an effectual negation of the court's authorization of the deputy sheriff if a deputy was appointed.

Judgment affirmed and record remitted for purpose of execution in accordance with law.