## Commonwealth v. Russel et al.

*Carl B. Shelley*, district attorney, for Commonwealth.

*Louis Gordon*, for defendants.

HARGEST, P. J., March 23, 1942.—This case comes before us upon a motion to quash the indictment, on the ground that the warrant on which it is based is void because it was served on Sunday, contrary to section 4 of the Act of 1705, 1 Sm. L. 25, 44 PS §1.

The complaint for the search warrant was sworn to and the search warrant itself issued on Saturday, December 20, 1941. The search warrant was returned and the information made on Sunday, December 21, 1941.

The Act of 1705 was one of the earliest of the Blue Laws. It is entitled "An Act to restrain people from labour on the first day of the week." The first, second, third, and sixth sections were later supplied by the Act of April 22, 1794, 3 Sm. L. 177, now known as the Blue Laws. The fourth section, still in force, provides, among other things, that no person shall, on the first day of the week, serve any warrant "except in case of treason, felony or breach of the peace"; and that such serving of any warrant "shall be void, to all intents and purposes whatsoever."

The motion is based upon the proposition that this warrant, issued for a storeroom on the first floor of 1117 North Seventh Street, does not involve a breach of the peace.

Defendant relies upon the case of Commonwealth v. Fannasy, 44 Dauph. 301. In that case we considered what was a breach of the peace, and referred to the case of Commonwealth v. Sherman et al., 14 D. & C. 4 (1930), in which Judge Lewis, of the Court of Quarter Sessions of Philadelphia, with considerable research and at length, discussed what constituted a breach of the peace. We quashed the indictment for keeping a gaming house on the second floor of a building based upon the warrant served on Sunday. The district attorney now contends that if this decision is adhered to it will hamper the authorities in punishing for Sunday violations of the liquor laws.

In Commonwealth v. Overton et al., 42 Pa. C. C. 446, the court refused to apply the Act of 1705 for the reason only that its application would interfere with the enforcement of the liquor laws. A judge is bound by the law as he finds it. It would be little less than judicial tyranny for a judge to refuse to enforce a law because he did not like it.

In the Fannasy case we referred to the case of Commonwealth v. Teamann, 1 Phila. 460, in which it is said (p. 462) :

"It is the duty of courts to uphold the institutions and laws under which our liberties have grown and prospered. . . . Those who consider them insufficient, should, instead of disregarding them, endeavor to have them amended to suit the exigencies of the times . . ."

In Orlosky v. Haskell, 304 Pa. 57, 62, Justice Maxey says:

" 'Its [the court's] duty is not to make the law reasonable, but to expound it as it stands . . .' "

The Fannasy case was decided in 1937. There has been no amendment to authorize the service of a warrant on Sunday for constructive breach of the peace where no actual breach of the peace is made or threatened.

The case at bar was argued with three others. In one of them, Commonwealth v. Spriggs, 92 January sessions, 1942, the complaint for a search warrant was made, the search warrant issued September 25, 1941, and was executed and returned September 28, 1941. However, the information charges the violations on May 25 and 26, and August 10, 1941. And in another case, Commonwealth v. Baker and Spencer, 80 January sessions, 1942, the complaint for a search warrant was made and the warrant issued September 11, 1941. The warrant itself was served and returned September 14, 1941, although the information charges the violations on April 26, 1941. It would seem that the enforcement officers knew of violations in advance of the service of the search warrant.

The district attorney also contends that the Fannasy

case was for a violation of a law in the second story, where the breach of the peace is not so imminent as in the instant case, which was a violation of the law in a storeroom, and that the provisions of the Pennsylvania Liquor Control Act of July 18, 1935, P. L. 1246, were not called to our attention. Section 3 of that act (47 PS §744-3) declares that the act is passed in the exercise of the police power. Section 608, 47 PS §744-608, provides that any room, house, or structure, except a private home, where liquor is sold in violation of the act, "is hereby declared to be a common nuisance; and any person who maintains such a common nuisance shall be guilty of a misdemeanor . . ."

It is now contended that these provisions of the act make the sale on Sunday a breach of the peace, and our attention is called to the case of Commonwealth v. Wingel et al., 32 D. & C. 75, in which it is held that an arrest on view, without a warrant, on Sunday, for sale of intoxicating liquors to nonmembers of a club was valid. The court, without much discussion, held that under the Pennsylvania Liquor Control Act the sale of intoxicating liquor to nonmembers in a club amounted to a breach of the peace, and that the Act of 1705 did not apply.

We are unable to follow the reasoning that, because the act, passed in the exercise of the police power, declares the place where illegal sales are made to be a nuisance, the sale itself, no matter where or how made, constitutes a breach of the peace.

It is not necessary for us to rest our decision upon the question of a breach of the peace. We are confronted by a proposition that the motion to quash is too late, and, while the district attorney has not pressed that reason, we cannot ignore it. The public is involved in this prosecution. We must decide the case according to the settled law.

The law, as stated in Commonwealth v. Keegan (No. 1), 70 Pa. Superior Ct. 436, 438, is now so well settled as to be open to no further doubt:

". . . a defendant in a criminal case may 'raise any questions touching the legality of his arrest [such as an arrest without a proper warrant] upon a proceeding to be discharged from custody, but if he has given bail to answer the charge, he cannot after indictment found raise such questions by motion to quash.' "

This principle has been applied in all kinds of cases from the illegal possession of liquor: Commonwealth v. Geibel, 45 Montg. 126, Commonwealth v. Fedulla, 89 Superior Ct. 244; to murder: Commonwealth v. Mallini, 214 Pa. 50. See also Commonwealth v. Brennan, 193 Pa. 567.

In the case of Commonwealth v. Strohman, 30 D. & C. 505, Uttley, P. J., said (p. 506):

"It is well settled that where a defendant has had or waived a preliminary hearing, has given bail for court and has been regularly indicted by a grand jury upon examination of witnesses, it is then too late to question the sufficiency or regularity of proceedings prior to the indictment. In case defendant feels himself to be aggrieved in such circumstances, his proper remedy is by proceedings to be discharged from custody upon the ground of illegal commitment, and not by motion to quash the indictment: Commonwealth v. Brennan, 193 Pa. 567; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615; Commonwealth v. Hans, 68 Pa. Superior Ct. 275; Commonwealth v. Keegan (No. 1), 70 Pa. Superior Ct. 436; Commonwealth v. Mazarella, 86 Pa. Superior Ct. 382; Commonwealth v. Fedulla, 89 Pa. Superior Ct. 244."

See also Commonwealth v. Greenberg, 136 Pa. Superior Ct. 32, 35, note 1, Commonwealth v. Murawski, 101 Pa. Superior Ct. 430, Commonwealth v. Lingle, 120 Pa. Superior Ct. 434, and Commonwealth v. Strantz, 137 Pa. Superior Ct. 472.

In view of the unbroken line of authorities, it would serve no good purpose to enter into refinements attempting to make exceptions to this rule, such as urged

upon us by defendant, that where the statute provides that the warrant shall be void the rule should not be applied. We find no exceptions in any of the authorities as to the application of the rule. We are bound by the law as we find it to be announced by the appellate courts.

For these reasons, the motion to quash must be dismissed.

And now, March 23, 1942, the motion to quash the indictment is hereby dismissed.