## Commonwealth v. Elsass

*Clyde Holt, Jr.,* for Commonwealth.
*A. G. Helbling,* for defendant.

McCreary, P. J., March 31, 1948.— On January 12, 1948, an information was made against defendant by William J. Steiner, a member of the Pennsylvania State police, before John B. Magee, a justice of the peace in and for the Township of Darlington, Beaver County, Pa., charging defendant with illegal parking. The information, in part, reads as follows:

"That at Darlington Twp. in the County of Beaver, Pennsylvania, on the 7th day of January, 1948, the defendant, aforesaid did then and there operate a motor vehicle to wit: a Cadillac Sedan bearing Ohio registration No. L176Z on Route No. 551 in Darlington

Twp., a public highway in the Commonwealth of Pennsylvania in violation of Section 1019-A of the vehicle code of Pennsylvania which reads as follows: Section 1019-A of the vehicle code STOPPING ON HIGHWAY. No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or resident district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: Provided, In no event shall any person park or leave standing any vehicle, whether attended or unattended upon any highway, unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of three hundred (300) feet in each direction upon such highway.

"Creating a traffic hazard and causing an accident.

"The above information was filed as a result of a three car accident."

When the matter came on for hearing before the justice of the peace defendant appeared and waived a hearing for court.

When, on March 16, 1948, defendant appeared before the court of quarter sessions of this county, his attorney made a motion before any testimony was taken, asking the court to release defendant from his recognizance and to discharge him without day on the ground that the information did not state any facts constituting an offense under The Vehicle Code of Pennsylvania. The court reserved decision on the motion for the reason that the Commonwealth and defendant had their witnesses in court and we might avoid undue delay, hardship and expense by proceeding to a hearing of the case on its merits. We suggested, however, that if, upon due consideration, we would

reach the conclusion that the defendant's motion should be granted, we would so decide after hearing the case on its merits and, if we should reach the conclusion that the motion should have been granted, we will decide the case on the motion; otherwise, we would decide it on the merits.

After reviewing the law on the subject we have reached the conclusion that the information in this case is deficient. An information charging that a defendant violated a specified section of The Vehicle Code of May 1, 1929, P. L. 905, without any further statement of the offense, is insufficient. The facts constituting the offense must be stated and not a mere conclusion. It is not sufficient for an officer to charge a defendant with a violation of section 1019-A of The Vehicle Code of Pennsylvania, without alleging the facts which constitute the offense. It is definitely not sufficient to merely say that a certain section of The Vehicle Code which reads "as follows" has been violated.

The late Judge Reader, the former president judge of this court, reached this conclusion in the case of Commonwealth v. Gilkey, 2 Beaver 172, and in the case of Commonwealth v. Snyder, 2 Beaver 175.

An excellent review of the cases dealing with this subject is to be found in the case of Commonwealth v. Snyder, 29 Northamp. 310. In that case defendant had waived a hearing before a justice of the peace and made a motion similar to the motion made by defendant in the case we are considering. The motion raised a number of questions referable to the commencement and conduct of the preliminary proceedings before the justice of the peace, among which were (1) that the information is insufficient in law. The quarter sessions judge in that case disposed of the motion in language as follows (pp. 319, 320) :

"We are of the opinion that the information is also defective as to the manner in which the offense is

stated. Originally, the information stated that the defendant 'violated section 1001(a) of the Vehicle Code, which reads:' (the section of the code being quoted verbatim in the information). After amendment, the information was changed and now merely charges. that the defendant 'violated section 1001 (a) of the Vehicle Code' in a certain place. The defendant is not charged before or after the amendment with the doing of any act which would constitute an offense. Instead, he is charged each time with having violated a section of the Vehicle Code, requiring us to conclude therefrom that he did the acts necessary to constitute a violation. The unlawful act of the defendant may be charged in the language of the statute; but the instant information merely alleges a conclusion of law, without alleging any fact or facts describing or defining any act of the defendant individuated as an act prohibited in said section of the Act.

"Although it is not necessary that the information charge the crime with the particularity and technical accuracy required in an indictment, it must state the essential elements of the offense intended to be charged. Commonwealth v. Carson, 166 Pa. 179; Commonwealth v. Dingman, 26 Pa. Sup. Ct. 615; Commonwealth v. Mallini, 214 Pa. 50; Commonwealth v. Robertson, 47 Pa. Sup. Ct. 472; Commonwealth v. Miller and Berk, 77 Pa. Sup. Ct. 469; Sadler's Criminal Procedure in Pa., 2d edition, section 75; Commonwealth v. Campbell, 22 Pa. Sup. Ct. 98. The information being in the nature of an indictment, must contain a direct and positive charge against the defendant, with a complete statement of the offense. Commonwealth v. Gelbert, supra. The facts constituting the offense must be stated, and not a mere conclusion of law. Sadler's Criminal Procedure in Pennsylvania, 2d edition, section 239; Commonwealth v. Alford, 41 D. & C. 475; Commonwealth v. Young, 39 D. & C. 45; Commonwealth v. Bennett, 32 D. & C. 542; Commonwealth v.

Douglas, 31 D. & C. 234; Commonwealth v. Harned, 25 D. & C. 578."

See also page 314 of the same opinion, as follows:

"Defendant in waiving a summary hearing and giving bail to appear for trial before a judge of the Court of Quarter Sessions did not waive his right to question the correctness of the proceeding before the justice of the peace. Commonwealth v. Killian, 44 Lancaster L. R. 523; Commonwealth v. Krall, 43 Lanc. L. R. 219; Commonwealth v. Hastings, 42 Lanc. L. R. 340; Commonwealth v. Bradley, 41 D. & C. 538; Commonwealth v. Walter, 39 D. & C. 383; Commonwealth v. Bedding, 38 D. & C. 103; Commonwealth v. Karas, 37 D. & C. 685; Commonwealth v. Kline, 35 D. & C. 19; Commonwealth v. Bennett, 32 D. & C. 542; Commonwealth v. Harned, 25 D. & C. 578; Commonwealth v. Myers, 22 D. & C. 586. Alleged omissions in the justice's record, however, which are but procedural irregularities, not affecting jurisdiction of the justice, are surrendered when such an appeal is taken. Commonwealth v. Burrall, 146 Pa. Sup. Ct. 575."

We agree with the reasoning and with the authorities cited by Judge Frack in the Snyder case, and conclude that the language thereof is applicable to the facts in the case at bar.

It is our opinion that the information in the case which we are now considering is insufficient in law under the authorities cited, and that it is so defective that it should be quashed.

Accordingly, we make the following

*Order*

Now, to wit, March 31, 1948, the case of Commonwealth v. Elsass is dismissed, and since no new prosecution may be instituted because of the limitation period contained in section 1201 of The Vehicle Code, defendant is discharged without day.