## Commonwealth v. Rupp

*M. J. Morgan*, district attorney, and *Bernard B. Naef*, assistant district attorney, for Commonwealth.

*R. H. Rauch*, for defendant.

HENNINGER, P. J., March 23, 1953.—Defendant was arrested for reckless driving upon complaint of State Policeman John Krivak, who swore unequivocally that defendant committed the act which the justice of the peace found to be reckless driving.

Before the hearing defendant moved to quash the proceedings because the prosecutor had no personal knowledge of the facts and because the information had typed on it a heading reading "On Information Received".

At the hearing it developed that the prosecutor actually had no knowledge of the facts but the justice was satisfied by other competent testimony and de-

spite defendant's contradictory testimony that defendant was guilty of reckless driving.

Defendant has moved for an allocatur to appeal from the justice's ruling and the question before the court is whether an appeal should be allowed.

Defense counsel calls our attention to several cases (Commonwealth v. Deppen, 52 D. & C. 442, and Commonwealth v. Hockenberry, 72 D. & C. 274), which hold that a complaint on information received should contain an oath that the prosecutor verily believes the information to be true. With these cases, there can be no quarrel.

It has been held, however (Commonwealth v. Mallini, 214 Pa. 50, 52) that an unequivocal oath to an information necessarily implies an avowal of truth and belief and that whether or not it is upon the personal knowledge of the deponent, such an oath satisfies the requirement of averment of belief.

The provision of the law permitting a public officer to initiate a prosecution upon information received is to protect him from the consequences of making an oath to facts of which he has no personal knowledge. To that privilege is appended for the protection of the accused, the condition that the deponent must believe the information to be true and must so state.

If, however, the officer is so convinced of an accused's guilt without personal knowledge thereof, that he is willing to take an unequivocal oath that the accused committed the act, the very oath is an averment of his belief of the facts.

In our opinion, the words "on information received" not in the body of the information offer no protection to anyone making an affidavit to facts not within his knowledge.

Now, March 23, 1953, allocatur denied at defendant's costs and defendant is ordered to pay forthwith the fine and costs imposed or to be imposed by the justice.