## Commonwealth v. Kepner

*Markin R. Knight,* for Commonwealth.

*John P. Campana,* for defendant.

WILLIAMS, P. J., December 16, 1954.—Defendant is charged with driving an automobile on a public road recklessly. In the body of the information accusing him are typed these words: "This information filed is information received."

Defendant in moving to quash the information complains that the prosecuting officer should have added in the body of the information that he believed the information received to be true.

He argues that this information charging reckless driving violates section 8 of art. 1 of the Constitution of Pennsylvania. This section of the Constitution

prohibits the issuance of a warrant to seize any person without probable cause, supported by oath or affirmation subscribed to.

When one signs an affidavit from information received from others such person's belief of the truth of such information may be implied from his very act in swearing to such information.

It was so suggested in Commonwealth v. Mallini, 214 Pa. 50. Chief Justice Mitchell declared:

"His affidavit necessarily included his belief. And even without his affirmative affidavit his belief so far as required to be shown at all was necessarily implied in his action. He was a county official charged with the duty of assisting in the administration of justice, and especially in the discovery and arrest of supposed criminals. When he appeared in his official capacity and on oath procured the issue of a warrant for an arrest for the highest crime known to the law, to require a formal statement on the face of the information that the deponent believed what he was swearing to would be sacrificing substance to the flimsiest kind of technicality. The perpetrator of crime has always the start of the law, and justice must move quickly to overtake him. It is the duty of the officers to act promptly on such information as may be at hand. The more careful investigation as to the individual devolves later on the grand and petit juries. If the officers are too hasty or overzealous and act on insufficient evidence the proper remedy for immediate relief is the writ of habeas corpus, and later if there is any indication of wanton or careless disregard of his rights, an innocent man is never likely to fail of redress by an action for false imprisonment."

In this case of Commonwealth v. Mallini, supra, a murder case, a motion was made to quash the indictment. The information charging defendant with murder included the following: "On information received." There were no words in the information which would

indicate that the prosecuting officer believed the truth of the information he received. Chief Justice Mitchell said that the objection to the information was not tenable on its merits.

There are a number of Superior Court and common pleas opinions dealing with this question. The Superior Court decisions are to the effect that a motion to quash cannot be made successfully after bail and indictment. Several of the common pleas decisions allowed informations to be quashed when there was no declaration in the informations showing that the informer believed the information he received from others to be true.

In one of the latest cases, Commonwealth v. Rupp, 84 D. & C. 435, the court held that a sworn information was not invalid just because it had printed on the face of the information "on information received", with no declaration that such was believed to be true.

It seems a flimsy technicality that in the enforcement of the law one person should go free because the prosecuting officer failed through ignorance or otherwise to put an informative statement in his oath that he believed in the truth of the information received, while in another case defendant has to answer the charge. Defendant is protected. If he is in jail he can proceed by habeas corpus. If there has been a false arrest he may sue. The Constitution did not intend that he could smugly wait until too late for the Commonwealth to proceed further, then have the proceedings against him quashed because of the lack of an affirmative statement that the prosecutor believed the information to be true. His belief of its truth may be implied.

And now, December 16, 1954, the motion to quash is refused. It is directed that defendant appear at the next court for hearing appeals from summary convictions, the district attorney to give formal notices.