## Commonwealth v. Cravener

*David C. Wolfe*, District Attorney, and *Ferdinand Bionaz*, Assistant District Attorney, for Commonwealth.

*Robert G. Rose*, for defendant.

McDONALD, J., April 17, 1958.—Defendant was arrested under a warrant issued by an alderman of the City of Johnstown upon an information sworn to by

Captain Peter Chiodo of the Johnstown City Police charging a violation of section 1025 (b) of The Vehicle Code of May 1, 1929, P. L. 905, which requires a driver involved in an accident to stop, disclose his identity and render assistance at the scene. Defendant waived a hearing before the alderman and posted bail. The information was returned to the Quarter Sessions Court of Cambria County and a true bill was returned by the Grand Jury at the December term, 1957. This matter is now before the court on defendant's motion to quash the indictment which assigns the following reasons:

"1. The information upon which the indictment is based was signed and sworn to by Captain Peter Chiodo of the Johnstown Police Force without setting forth: (a) that it was brought on information received; (b) the name of the informant; (c) the nature of the information received; and (d) that he believed the information."

Defendant contends the foregoing omissions are jurisdictional defects and therefore the indictment, which is founded on the information, is fatally defective.

The information contains the following statement of facts:

"Before me, the subscriber, a committing Magistrate in and for the COUNTY OF CAMBRIA, personally came Capt. Peter Chiado Public Safety Bldg. Johnstown, Pa., who, upon Oath duly administered according to law, deposes and says that at Johnstown Pa. in the COUNTY OF CAMBRIA on or about the 4:25 P.M. 22 day of October A.D. 1957 defendant aforesaid did then and there on the above date, he was driving a 1949 Ford Sdn. License No 295 A U upon a public Highway in the City of Johnstown. near the corner of Market and Lincoln St. did strike and injure one Mollie E. Smith of R.D.2 Box 215 Holsopple, Pa.,

as she was crossing the Street with his car. Defendant drove away without rendering any assistance, giving his name, or Address. Robert Smith, her husband did obtain the License number of car 295 AU and notified the Police Department. from the License number the one Harry E. Cravener of 727 Spring St Extension Johnstown Pa. was Arrested by City Police. as the driver of the car."

Captain Chiodo made affidavit to the information without averment that it was on "information and belief". However, we may assume, and it is conceded by the district attorney, that the prosecuting officer was not a witness to the accident. The language of the information indicates it was sworn to after Robert Smith, husband of the injured pedestrian, had notified the police of defendant's automobile license number.

Defendant's objections to the information may be divided into two categories: First, it fails to name the informant or set forth the nature of the information received; second, the prosecutor failed to aver it was filed on information received and which he believed.

While we agree the information is inexpertly drawn, it is, in our opinion, sufficient and contains no jurisdictional defects. We call attention to the many pronouncements of our appellate courts that an information need not employ the legal phraseology, or possess the technical accuracy of an indictment, or describe the crime fully and specifically as there required: Commonwealth v. Musto, 348 Pa. 300; Commonwealth v. Campbell, 22 Pa. Superior Ct. 98; Commonwealth v. Gross, 161 Pa. Superior Ct. 613. To require otherwise would, in many instances, subvert justice and delay the orderly process of law. Many well-founded actions would thus fall prey to inconsequential technicalities.

In reviewing the facts set forth in the information, it appears that Robert Smith, husband of the injured

pedestrian, was the informant. He obtained the license number of defendant's car, which in such cases where the driver leaves the scene of an accident, is often the only means of identification and "notified", or informed, the police. The nature of the information which we must assume he gave, since the prosecuting officer was not an eye witness, while not stated in the legal terminology of section 1025 (b) of The Vehicle Code, certainly graphically describes the crime in words which cannot be misunderstood. It details the hour, day and place where Mollie E. Smith, a pedestrian and wife of the informant, was struck by an automobile operated by defendant. If this were all the information contained, no crime would have been charged. However, there is a further statement that "defendant drove away without rendering any assistance, giving his name, or Address, . . .". This is the essence of the crime charged.

Often informations are attacked because of insufficiency. Here, however, we fail to see what other facts could have been given to inform defendant of the charge. We believe the information sufficiently discloses the name of the informant and the nature of the information received by the prosecutor. While it is necessary to state the nature of the information in order to charge a crime, the appellate courts have held that informations are sufficient even though the name of the informant is not disclosed: Commonwealth v. Campbell, supra; Commonwealth v. Strantz, 137 Pa. Superior Ct. 472. Therefore, defendant's reasons (b) and (c) as set forth in his motion to quash are without merit.

The other two reasons assigned by defendant raise two questions: First, if the information is made on information received and not personal knowledge, must it be specifically so stated; second, in such case,

must the affiant further state that he believes the information received.

In disposing of this motion we do not intend to infer that an information, not made on personal knowledge of the affiant, but on information received, should not so state. In application to this case, however, the failure of the information to specifically state it was based "on information received" does not violate any constitutional safeguard or in any way prejudice defendant. The very language indicates it was on information received and not personal knowledge of the prosecutor. Recalling our foregoing discussion that an information need not be drawn with the same nicety required of an indictment, we do not believe here the addition of the words "on information received" would lend any more clarity, if anything they would be redundant. Examining the language of the information, we find that Robert Smith obtained the license number of defendant's automobile and *notified* the police; *from* this information defendant was arrested. Thus we conclude, while the customary phrase of "on information received" was not appended to the statement of facts, the plain import of the language is that the information upon which the warrant issued for the arrest of defendant was from information given by Mr. Smith.

Defendant cites several lower court cases in which a motion to quash the information was sustained because the information indicated the prosecutor was an eyewitness when in fact he had received the information from others: Commonwealth v. Webber, 95 Pitts. L. J. 272; Commonwealth v. Hockenberry, 72 D. & C. 274; Commonwealth v. Cicchino, 78 D. & C. 143; Commonwealth v. Wiggins, 54 Lanc. 11. However, we fail to find in any of these cases, where the wording of the information is reported, that someone had informed the prosecutor of the facts. To the contrary, the infor-

mant and the nature of the information received was not disclosed, the prosecutor making a bald statement of the facts as though he were an eyewitness. Admittedly, if the information is on information received and nothing therein so indicates, defendant may in some cases be at a disadvantage in preparing his defense, having been led to believe the prosecutor was an eyewitness. No such circumstances are present here. The information states Mr. Smith obtained the license number and informed the police. We believe it would be splitting hairs to require the phrase "on information received" to be added to the detailed account of the facts. If there is such a requirement that the specific wording be used (for the contrary see Commonwealth v. Rupp, 84 D. & C. 435; Commonwealth v. Kuzma, 37 Erie 325; Commonwealth v. Kelly, 5 Lyc. 140), it is satisfied by the language of the information.

The information contains no statement that the affiant believed the facts set forth. Defendant contends, presumably because belief is a vital element of probable cause, that this omission renders the information and subsequent indictment void. There are several lower court decisions which support this position. However, in examining these decisions we fail to find in any a reference to Commonwealth v. Mallini, 214 Pa. 50, which in our opinion is controlling. In the Mallini case the information contained a short statement that defendant did "kill and murder one Antoni Rippe, by stabbing". To this was appended "on information received". Several objections were raised to the proceeding, but the one with which we are concerned is that which stated the information "failed to set forth the deponent's belief that it was true". In disposing of this the court aptly stated, at page 52:

"As to the second objection, after his positive affidavit of the fact any further averment of deponent's

belief was wholly unnecessary. His affidavit necessarily included his belief. And even without his affirmative affidavit his belief so far as required to be shown at all was necessarily implied in his action. He was a county official charged with the duty of assisting in the administration of justice, and especially in the discovery and arrest of supposed criminals. When he appeared in his official capacity and on oath procured the issue of a warrant for an arrest for the highest crime known to the law, to require a formal statement on the face of the information that the deponent believed what he was swearing to would be sacrificing substance to the flimsiest kind of technicality."

In the case at bar the prosecutor made an unequivocal affidavit to the facts set forth in the information. Such is an implied avowal of truth and belief in those facts: Commonwealth v. Mallini, supra; Commonwealth v. Rupp, supra; Commonwealth v. Kepner, 2 D. & C. 2d 756; Commonwealth v. Kuzma, supra; Commonwealth v. Kelly, supra. Article I, section 8, of the Constitution of Pennsylvania, which defendant contends has been violated, provides:

"The people shall be secure in their persons, houses, papers, and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

Probable cause does not depend on the employment of particular words of belief, but rather on a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing the party is guilty of the offense charged: Altman v. Standard Refrigerator Company, Inc., 315 Pa. 465, 480. The circumstances as

relied upon to show probable cause must be supported by oath of the accuser. Probable cause is determined at the time the information is filed and warrant issued and does not depend on the subsequent conviction of the accused for the crime charged. It rests on a belief, under all the circumstances then known, that defendant is guilty. The affidavit supporting this belief binds on penalty of perjury or a charge of malicious prosecution. Presumably, Captain Chiodo, the affiant in this case, being a public officer and operating under the threat of these penalties, performed his official duty in a proper manner and investigated the reliability of his information. The extent of this investigation, while not necessary to be stated in the information (Commonwealth v. Mallini, supra), must have been of such persuasion as to induce a belief in the information received, otherwise, the unequivocal affidavit which he made would have been a perilous act. The affidavit thus implying belief and a crime having been stated by the facts sworn, the requirements of "probable cause, supported by oath" are satisfied.

The law has erected many safeguards to protect an accused from unwarranted prosecution. To all of these we heartily subscribe. However, in our zeal to accord all persons the benefit of these safeguards, we quite often erect an impregnable fortress behind which malfactors successfully withstand, with weapons of technicalities, the onslaughts of beleaguered law enforcement officers who in good faith and with fidelity to their duties seek to protect the lives and property of all members of society in the unceasing conflict against lawlessness. We are firmly convinced in this case that the requirements of article I, section 8, of the Constitution have not been violated, nor has defendant been prejudiced by the inexpert manner in which the information was drawn. We therefore dismiss the motion to quash the indictment with the following

142

*Order*

Now, April 17, 1958, defendant's motion to quash the indictment entered to no. D-101, December sessions, 1957, is hereby dismissed and defendant is directed to appear at the June sessions of the Court of Quarter Sessions of Cambria County to stand trial on the charge in the indictment.