## Commonwealth v. Diehl

*Richard B. Wickersham,* Assistant District Attorney, for Commonwealth.

*Charles J. Ware,* for defendant.

NEELY, J., August 3, 1959.—This matter is before us on defendant's motion to quash the information

wherein defendant is charged with reckless driving contrary to section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §481(a). Defendant claims that his motion to quash should be sustained because the "information having been made or based on information received from other persons, the affiant, Trooper M. W. Lawlor, Pennsylvania State Police, has failed to swear and include in his affidavit, that he believes the information which he has received."

Article I, sec. 8, of the Constitution of Pennsylvania provides that: "The people shall be secure in their persons, . . . and no warrant . . . to seize any person . . . shall issue . . . without probable cause, supported by oath or affirmation subscribed to by the affiant."

The State trooper is the prosecutor in this case. Defendant maintains that the affiant acted on information received from others. Hence, he contends that without an averment of affiant's belief in the truth of the facts set forth in the information, the justice of the peace issued the warrant without probable cause, and hence the above mentioned constitutional provision was violated.

Of course, affiant's belief of the facts set forth in an information is a vital element of probable cause. And to meet the requirements of probable cause before a warrant is issued, the justice of the peace must be satisfied of affiant's belief in the truth of the factual allegations contained in the information.

In limine, it should be pointed out that it does not appear that the prosecutor acted solely on the basis of information received. The face of the information reads in part as follows: "Information based on information received from Robert W. Richmond of Hbg, Pa. Floyd D. Bixler of Hbg, Pa. and physical evidence found at the scene by the investigator." The only reasonable interpretation of the term "investigator", as used in

this information, is that he was the affiant and investigating officer who signed the information as the prosecutor in this case.

Defendant has cited a number of lower court cases holding that where an information is not based upon personal knowledge, it must be declared invalid unless it contains an averment of the affiant's belief in the matters set forth in the information. On its face the information in question does not fall within the purview of those cases where affiant's information was received entirely from third persons. It here appears that a portion of the affiant's information was based upon evidence obtained at the scene by the prosecutor.

The lower court cases which have taken the view that an averment of belief is necessary where the information is received from third parties have not mentioned the Supreme Court's decision in Commonwealth v. Mallini, 214 Pa. 50, 51, 52 (1906). In that case the court was considering an information by a county detective before a justice of the peace charging murder in the following language, to wit: " 'being duly sworn, deposes and says that . . . Giovanni Mallini did kill and murder Antonio Rippe by stabbing him in the body with a knife. On information received.' " Defendant contended that the information was insufficient because it did not show probable cause and failure to set forth deponent's belief that the charge was true. The court overruled defendant's contention and at page 52 said:

". . . after his positive affidavit of the fact any further averment of deponent's belief was wholly unnecessary. His affidavit necessarily included his belief."

We can see no reason here for departing from the ruling of the Supreme Court that affiant's "affidavit necessarily included his belief" in a case such as this, where the information on its face shows that it was partially based on "physical evidence found at the scene" by the prosecutor.

President Judge Henninger in Commonwealth v. Rupp, 84 D. & C. 435 (1953), in Lehigh County, followed the Mallini case where the information involved contained no averment of affiant's belief and was made on the basis of information received by the affiant from third parties. The court at page 436 said:

"If, however, the officer is so convinced of an accused's guilt without personal knowledge thereof, that he is willing to take an unequivocal oath that the accused committed the act, the very oath is an averment of his belief of the facts."

And Judge McDonald, in Cambria County, in Commonwealth v. Cravener, 16 D. & C. 2d 134 (1958), held that the information in that case charging a violation of section 1025(b) of The Vehicle Code, 75 PS §634, which requires a driver involved in an accident to stop, disclose his identity and render assistance at the scene, did not need to contain a specific statement that it was based "on information received," or that the affiant believed the information received. In this well considered opinion, the court at page 139 said:

"Defendant contends, presumably because belief is a vital element of probable cause, that this omission renders the information and subsequent indictment void. There are several lower court decisions which support this position. However, in examining these decisions we fail to find in any a reference to Commonwealth v. Mallini, 214 Pa. 50, which in our opinion is controlling." See also Commonwealth v. Kepner, 2 D. & C. 2d 756 (1954); Commonwealth v. Kuzma, 37 Erie 325 (1953); Commonwealth v. Kelly, 5 Lyc. 140 (1956).

It is necessary in this matter to consider four Dauphin County cases. In Commonwealth v. Deppen, 56 Dauph. 16 (1944), this court overruled defendant's motion to quash an indictment where the warrant was issued on an information made on "information and

belief." The court's decision was that an information made on "information and belief" was sufficient to satisfy the alderman or justice of the peace issuing the warrant that probable cause existed. In reaching this conclusion, the court overruled the following three earlier decisions, to wit:

Commonwealth v. Glosser, 37 Dauph. 282 (1933), in which Judge Fox had quashed an indictment based upon an information because the affiant did not set forth the nature of his information and failed to state that the facts set forth therein were true "to the best of his knowledge, information and belief."

And for the same reason, Judge Fox had quashed the indictment in Commonwealth v. Suciu, 40 Dauph. 98 (1934).

In Commonwealth v. Carpenter, 40 Dauph. 101 (1934), Judge Fox again quashed an indictment because the affiant, a public officer, did not give the source or nature of his information.

In overruling these three earlier Dauphin County cases, Judge Woodside, speaking for the court in the Deppen case, said at page 21:

"The tendency is to become less technical, and the Courts are becoming more reluctant to require the use of specific words in pleadings where no harm can result from the use of other than the customary language."

It is true that Judge Woodside said in that opinion that it is necessary that an information contain an averment of the affiant's belief. However, the question in the Deppen case simply was whether an information made on "information and belief" was sufficient. And the court held that it was, just as did the Superior Court in Commonwealth v. Strantz, 137 Pa. Superior Ct. 472 (1939).

We think the affiant's oath in this case is a sufficient affirmation of his belief where he made that oath partially on the basis of his own knowledge and par-

tially from information received from third parties. In reaching this decision, we apply the principle of the Mallini case to the situation presented to us here in the information in question and conclude that affiant's oath included his belief. For the foregoing reasons, we herewith enter the following

### Order

And now, August 3, 1959, defendant's motion to quash is overruled.