## Commonwealth v. Grossman

*George J. Joseph,* District Attorney, and *Wilbur C. Creveling, Jr.,* Assistant District Attorney, for Commonwealth.

*Harold C. Caplan,* for defendant.

KOCH, J., September 5, 1961.—Defendant, Joseph S. Grossman, was charged before a justice of the peace with a violation of art. X, sec. 1014(c) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1014, commonly designated as failure to yield the right of way. A preliminary hearing was waived, the necessary bond was posted and the matter was heard by us. We adjudged defendant guilty and imposed a fine of $10 and costs.

At the hearing, we overruled defense counsel's motion to quash the information. That motion is the basis for the motion in arrest of judgment which is before us for disposition.

Defendant contends that the information charging him with the offense is faulty in that it fails to contain a provision that it is made or based upon information received under oath. An examination of the information sworn to by Trooper Curtis W. Guyette, of the Pennsylvania State Police, reveals that defendant was properly informed of all the necessary jurisdictional facts, a detailing of the time and place of the offense and the section of The Vehicle Code allegedly violated.

At the top margin of the information appear these words: "This information filed upon information received which this officer believes to be true and correct."

It is true that if the information is on information received and there is nothing on the face of the document which indicates that fact, a defendant might be at some disadvantage in preparing his defense. Here, however, defendant has notice that the arresting officer filed the complaint on information received. The fact that it appears on the margin rather than in the body does not result in prejudice to an ordinary prudent man. The contention of defendant that the words "this officer" may be interpreted to mean the justice of the peace rather than the complainant is without merit, particularly since the words "Name of Officer" appear in parentheses immediately below the typed name of Trooper Curtis W. Guyette in the introductory paragraph of the information.

Our learned colleague, President Judge Henninger, in Commonwealth v. Rupp, 84 D. & C. 435, decided the precise issue before us. There, the information, in the top margin, contained the words "On Information Received." There, as in this case, counsel cited Commonwealth v. Deppen, 52 D. & C. 422, and Commonwealth v. Hockenberry, 72 D. & C. 274. Judge Henninger said, page 436: ". . . With these cases, there can be no quarrel.

"It has been held, however (Commonwealth v. Malini, 214 Pa. 50, 52) that an unequivocal oath to an information necessarily implies an avowal of truth and belief and that whether or not it is upon the personal knowledge of the deponent, such an oath satisfies the requirement of averment of belief.

"The provision of the law permitting a public officer to initiate a prosecution upon information received is to protect him from the consequences of making an oath to facts of which he has no personal knowledge.

To that privilege is appended for the protection of the accused, the condition that the deponent must believe the information to be true and must so state.

"If, however, the officer is so convinced of an accused's guilt without personal knowledge thereof, that he is willing to take an unequivocal oath that the accused committed the act, the very oath is an averment of his belief of the facts.

"In our opinion, the words 'on information received' not in the body of the information offer no protection to anyone making an affidavit to facts not within his knowledge."

Our independent research has failed to reveal any appellate ruling which would oblige us to depart from the Rupp decision, which has been cited with approval in such cases as Commonwealth v. Kepner, 2 D. & C. 2d 756 (Lycoming County), and Commonwealth v. Cravener, 16 D. & C. 2d 134 (Cambria County).

*Order*

Now, September 5, 1961, defendant's motion in arrest of judgment is denied. The said Joseph S. Grossman is ordered to appear for sentence on September 12, 1961, unless previous to that date he pays to the clerk of quarter sessions a fine of $10 and costs of prosecution.