## Commonwealth v. Gentry

*John S. Halsted,* for Commonwealth.

*W. Richard Gentry,* p. p.

GAWTHROP, P. J., February 5, 1963.—Defendant, charged with violation of section 1001(1) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1001 (1), waived a hearing before the justice of the peace and now has moved this court to quash the information on the ground that the acting chief of police who made it did so based on information received from others, whereas the information does not state that fact nor that affiant believes that information to be true. A copy of the information has been made part of the record by agreement of counsel. It is in such form as to indicate it was made by one with personal knowledge of the facts therein recited. There is no indication that it is based upon information received from others.

After argument before one member of this court, we ordered the case down for reargument before the court en banc to enable us to reexamine the matter in the light of the decisions in Commonwealth v. Rushton, 6 Chester 168 (1954), Commonwealth v. Lawrence, 8 Chester 402 (1958), and Commonwealth v. Mallini, 214 Pa. 50. In Rushton, we held in circumstances identical with those here present that an information need not be made "on information received," although that be the fact, but that if affiant makes it in language indicating that the facts are within his personal knowledge, the requirements of article I, sec. 8, of the Constitution of Pennsylvania are thereby met, and that evidence to show that the information was in fact made on information received from others is not admissible in support of the motion to quash. In Lawrence, where the same question arose on certiorari, thus reviewing the whole record, and relying principally on Commonwealth v. Deppen, 52

D. & C. 442, and on Commonwealth v. Hockenberry, 72 D. & C. 274, we held that an information made on information and belief must include the statement that the affiant believes the information to be true in order to satisfy the constitutional requirement that criminal process shall not issue "without reasonable cause." In Deppen, at p. 448, it was said:

"If a law enforcement officer or an individual signs an information based not upon his personal knowledge of the facts, but upon information which he received from others, he must also swear that he *believes* the information he received."

In Commonwealth v. Herbein, 68 Montg. 225, and Commonwealth v. Glorioso, 8 D. & C. 2d 482, Knight, P. J., reached the same conclusion. Accordingly, we set aside the conviction before the justice of the peace for failure of the information to contain such a statement.

In Rushton, no authority is cited in support of the holding that such a statement need not be included. Obviously neither court nor counsel discovered or considered Commonwealth v. Mallini, supra, a murder case, in deciding Rushton and Lawrence, and that case is not cited in the Deppen and Hockenberry cases. But the construction given in Mallini to the constitutional provision seems controlling. Article I, section 8, of the Constitution of Pennsylvania provides:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

Where a warrant issues based upon a sworn and subscribed information which does not show that it is

founded upon information received from others is it issued without probable cause? Commonwealth v. Mallini, supra, indicates it is not. There the information, reciting that it was made "on information received," was attacked on the ground that it did not state the affiant's belief that such information was true. The Supreme Court held the information valid within the constitutional mandate because there is no requirement in any proceeding that an affirmative averment must set out the evidence on which it is based and because deponent's affidavit necessarily included his belief in the facts averred.

In Conner v. Commonwealth, 3 Binney 38, Chief Justice Tilghman said of the similar provisions of article IX, sec. 8, of the Pennsylvania Constitution of 1790:

"If the constitution did not mean, that a man charged with or suspected of a particular offense, should not be arrested, unless some person swore either that he believed him to be guilty, or to some facts from which it might be reasonably inferred that he was guilty, then, I confess I can see no meaning in it."

Later Commonwealth v. Green, 185 Pa. 641, held that deponent's affirmation in an application for a writ of habeas corpus that it was made "to the best of knowledge, information and belief" was sufficient. From those cases, it has been inferred and held by many courts that the absence of such language makes an information insufficient: Commonwealth v. Glosser, 37 Dauph. 282; Commonwealth v. Suciu, 40 Dauph. 98; Commonwealth v. Carpenter, 40 Dauph. 101; Commonwealth v. Glorioso, supra; Commonwealth v. Herbein, supra; Commonwealth v. Webber, 95 Pitts. L. J. 272; Commonwealth v. Barnett, 16 Dist. R. 321; Commonwealth v. Roland, 10 Dist. R. 410; Commonwealth v. Clement, 8 Dist. R. 705. We adopted the same view

in Commonwealth v. Lawrence, without the benefit of Commonwealth v. Mallini.

Some courts have raised the question without deciding it, and defendant here argues that a defendant may be prejudiced or deprived of a constitutional safeguard in preparation of his defense by the prosecutor's failure to state in a criminal information, which he signs and subscribes, that it was made on information received from others which he believes to be true: Commonwealth v. Deppen, supra; Commonwealth v. Webber, supra; Commonwealth v. Cravener, 16 D. & C. 2d 134, 139. But it seems clear to us that his substantive rights are not violated, though he may be at slight disadvantage, by being led to believe the prosecutor is an eyewitness. We incline to the view expressed by Henninger, P. J., in Commonwealth v. Rupp, 84 D. & C. 435, that the provision of the law permitting a prosecutor to initiate a prosecution on information received is to protect him from the consequences of making an oath to facts of which he has no personal knowledge; but under Mallini, if without personal knowledge of the facts he is nevertheless willing to take an unequivocal oath that the accused committed the act, the very oath itself is an averment of his belief of the facts stated. See also Commonwealth v. Kepner, 2 D. & C. 2d 756, and Commonwealth v. Grossman, 26 D. & C. 2d 253.

Careful reconsideration of the question under the holding of Commonwealth v. Mallini, supra, requires us to, and we hereby do, specifically overrule Commonwealth v. Lawrence. It follows that we must overrule the motion to quash in this case.

The motion to quash the information is overruled.