## Commonwealth v. Hilliard

*M. A. Kornreich*, for Commonwealth.

*C. Henry Nicholson*, for defendant.

FLICK, JR., P. J., May 26, 1965. — After hearing before a justice of the peace with defendant represented by counsel, and having been found guilty of a violation of section 1012(a) of The Vehicle Code of April 29, 1959, P. L. 58, in that he failed to give a visible signal before starting his vehicle from a parked posi-

tion and driving into the lane of traffic, defendant was sentenced to pay a fine of $10 and costs.

Defendant then filed a petition for allowance of appeal which is now before the court. A rule to show cause why the appeal should not be allowed was granted, providing for notice to be served on the district attorney who filed an answer. The matter was listed for a hearing, oral arguments made to the court by counsel and briefs were filed. A delay occurred for which there seems to be no explanation, but, in the interim, the law as to one of the chief grounds advanced for appeal has been clarified by several lower court decisions.

When an appeal is sought after summary conviction before a justice of the peace, the court has a great responsibility, for it must decide from the whole record whether defendant had a fair trial and a fair decision supported by the evidence, or whether the whole proceeding before the justice should be wiped out and the case tried de novo. If the justice of the peace had to determine a difficult legal question and his decision seems questionable, an appeal will be allowed. Otherwise, if the transcript of the proceedings shows that the decision is based on sworn testimony given before the justice of the peace, the court must decide whether cause is shown which requires allowance of an appeal. As this court stated in an opinion handed down February 4, 1965, in the case of Commonwealth v. Falconer, February sessions 1965, no. 75:

"An appeal from a summary conviction before a justice of the peace is not a matter of right and can be had only upon allowance by the Court upon cause shown. The court to which the petition is addressed has a wide discretion in the allowance or refusal of appeals and no hard and fast rules have been laid down as to what constitutes sufficient cause. If the party has not had an opportunity to fully and fairly present his case before the justice of the peace; or if a doubtful legal

question is involved; or if there is something to indicate suppression, corruption or disregard of law on the part of the justice of the peace; or if there is after-discovered evidence that would justify a new trial under the rules related to new trials for that cause; in any of these cases allowance of an appeal would be justified. When no such grounds are shown, the appeal must be dismissed. See Carringer, Procedure In Summary Convictions in Pennsylvania, pages 60 and 61, and cases there cited."

The petition and answer, the transcript and the arguments of counsel will be examined to determine if any of the grounds set forth in the foregoing quotation exist in this case. The first ground stated in the petition is as follows:

"A. The complaint was fatally defective in that it failed to allege that the deponents made their averments on information and belief, and failed further to set forth that the deponents believed their information to be true and correct."

This point was raised by defendant's counsel at the trial before Justice of the Peace Ervin Branch, but his motions to quash and dismiss the complaint were denied. In his brief, counsel for defendant distinguishes the instant case from a prior decision in Commonwealth v. Edna K. Smith and relies chiefly on the case of Commonwealth v. Hockenberry, 72 D. & C. 274, decided by President Judge Troutman, of the Court of Quarter Sessions of Juniata County, on October 2, 1950.

In Commonwealth v. Hockenberry, supra, the information charging defendant with reckless driving was sworn to by a trooper of the Pennsylvania State Police as though he had been an eyewitness of the commission of the offense and the facts were, therefore, within his personal knowledge and not on information received, whereas the evidence at the hearing showed the com-

plaint was made on information received from others. The motion to quash was granted in reliance on Commonwealth v. Deppen, 52 D. & C. 442 (1944); Commonwealth v. Webber, 95 Pitts. L. J. 272 (1946), and Commonwealth v. Worley, decided by Judge Uttley, of the Fifty-eighth Judicial District in 1950.

A contrary view was expressed in Commonwealth v. Rupp, 84 D. & C. 435 (1953), in which a Pennsylvania State Trooper swore to the information as though he had personal knowledge of the facts, whereas the evidence showed his knowledge was based on information received. In denying an appeal, the court said, page 436:

"Defendant has moved for an allocatur to appeal from the justice's ruling and the question before the court is whether an appeal should be allowed.

"Defense counsel calls our attention to several cases (Commonwealth v. Deppen, 52 D. & C. 442, and Commonwealth v. Hockenberry, 72 D. & C. 274), which hold that a complaint on information received should contain an oath that the prosecutor verily believes the information to be true. With these cases, there can be no quarrel.

"It has been held, however (Commonwealth v. Mallini, 214 Pa. 50, 52) that an unequivocal oath to an information necessarily implies an avowal of truth and belief and that whether or not it is upon the personal knowledge of the deponent, such an oath satisfies the requirement of averment of belief.

"The provision of the law permitting a public officer to initiate a prosecution upon information received is to protect him from the consequences of making an oath to facts of which he has no personal knowledge. To that privilege is appended for the protection of the accused, the condition that the deponent must believe the information to be true and must so state.

"If, however, the officer is so convinced of an ac-

cused's guilt without personal knowledge thereof, that he is willing to take an unequivocal oath that the accused committed the act, the very oath is an averment of his belief of the facts."

Other than Commonwealth v. Mallini, supra, where the situation is not quite the same as in the instant case for the information there recited that it was made on information and belief, no appellate court rulings on the issue can be found. However, all cases are reviewed and the problem thoroughly studied in the case of Commonwealth v. Gentry, 31 D. & C. 2d 221, a Chester County case decided in 1963. One reason for the thorough review was that the court overruled a contrary holding in Commonwealth v. Lawrence, 8 Chester 402 (1958). In the Gentry case, as in the instant case, the information sworn to by a police officer is in such form as to indicate it was made with personal knowledge of the facts recited, whereas it was made on information received from others.

In overruling a motion to quash, and its own prior holding in Commonwealth v. Lawrence, the court noted the constitutional prohibition against searches and seizures ". . . without probable cause, supported by oath or affirmation subscribed to by the affiant"; reviewed all the cases above cited and their contrary rulings; and stated its conclusion as follows, page 225:

"Some courts have raised the question without deciding it, and defendant here argues that a defendant may be prejudiced or deprived of a constitutional safeguard in preparation of his defense by the prosecutor's failure to state in a criminal information, which he signs and subscribes, that it was made on information received from others which he believes to be true: Commonwealth v. Deppen, supra; Commonwealth v. Webber, supra; Commonwealth v. Cravener, 16 D. & C. 2d 134, 139. But it seems clear to us that his substantive rights are not violated, though he may be at slight

disadvantage, by being led to believe the prosecutor is an eyewitness. We incline to the view expressed by Henninger, P. J., in Commonwealth v. Rupp, 84 D. & C. 435, that the provision of the law permitting a prosecutor to initiate a prosecution on information received is to protect him from the consequences of making an oath to facts of which he has no personal knowledge; but under Mallini, if without personal knowledge of the facts he is nevertheless willing to take an unequivocal oath that the accused committed the act, the very oath itself is an averment of his belief of the facts stated. See also Commonwealth v. Kepner, 2 D. & C. 2d 756, and Commonwealth v. Grossman, 26 D. & C. 2d 253."

In this court's opinion, the ruling following in Commonwealth v. Rupp, Commonwealth v. Keppner, Commonwealth v. Grossman and Commonwealth v. Gentry is good law and will be followed in the Thirty-seventh Judicial District unless and until it is reversed by our appellate court. Therefore, defendant's first ground for appeal is without merit.

The other grounds stated in defendant's petition as to why an appeal should be allowed are averments that the testimony did not prove his guilt beyond a reasonable doubt and that defendant's own testimony shows he is not guilty. Justice Ervin N. Branch is a capable justice of the peace, and no claim is made that his transcript states any proof which was not made in the trial before him. The transcript shows testimony by Dorothy Klakamp that about 4:15 p.m. she was driving south across the Hickory Street bridge in Warren Borough at a moderate rate of speed; that cars were parked to her right, headed south, all along the bridge; that she did not see any signal from defendant before he pulled his truck out of the line of parked cars and hit her vehicle. The transcript also shows testimony by Warren Borough Police Officer Zerbe that he was

called to the scene of the accident; arrived about 4:30 and talked with Mrs. Klakamp and defendant; that Mrs. Klakamp's car had been moved a car length from the point of collision to avoid holding up traffic, and defendant's vehicle, which had not been moved, was protruding out into the lane of traffic, having gone forward and hit the car parked in front of him; that defendant said he was going to pull out from the parking place and didn't see anything coming until he was hit by the Klakamp car, and that defendant said he did not give a signal.

Also testimony by defendant is shown in the transcript that he started to pull out, that he had his window rolled down and had his hand out and that his car then stalled; that he had to use his hand to get the car started and that he rolled his window back up; that he did not give a signal when he pulled out after he got the truck started again; that when the officer asked him "did you give a signal?" he answered "No".

The foregoing is ample evidence to prove defendant guilty beyond a reasonable doubt, if believed by the justice of the peace, which it obviously was. Defendant makes no mention of this testimony in his petition or brief. He does aver that his vehicle stalled and was standing still while he tried to repair his accelerator pedal which was stuck, when his vehicle was struck by another automobile. If defendant so testified, which the court greatly doubts in view of the record and that no criticism was made of the transcript in the brief filed by defendant's counsel more than two weeks after the transcript was filed, it is obvious that this version was not believed by the justice of the peace.

Certainly, defendant is not entitled to an appeal because a part of his testimony is not believed. Credibility is for the trier of facts, the justice of the peace. The case of Thompson v. Preston, 5 Pa. Superior Ct. 154, is quoted in Carringer's invaluable book, Proce-

dure in Summary Conviction in Pennsylvania, page 61, as follows:

"Neither Art. V, section 14 of the constitution, nor the Act of 1876, which was passed to carry it into effect, contemplates that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter."

This quotation fits the instant case, in the court's opinion.

From the foregoing, it clearly appears that cause has not been shown for allowing an appeal on any of the compelling grounds set forth in the first portion of this opinion. Defendant had a fair trial; there is ample testimony shown in the transcript, which is not claimed to be erroneous in any way, to support the finding of guilty; the justice of the peace made no mistake of law; no after-discovered evidence is claimed to exist and there is no claim of unfair treatment.

Therefore, the court makes the following order:

ORDER

And now, May 26, 1965, for the reasons stated in the foregoing opinion, the prayer of defendant's petition for allowance of appeal is denied, the petition dismissed and the rule granted thereon is discharged.