**Commonwealth v. Rapple**

*Edward M. Bell,* District Attorney, for Commonwealth.

*Michael Halliday,* for defendant.

STRANAHAN, P. J., July 17, 1970.—Defendant was arrested and charged with a violation of section 1006 of The Vehicle Code of April 29, 1959, P. L. 58. This section provides that drivers of vehicles proceeding in opposite directions shall pass on the right and yield one-half of the highway. Charges against defendant were filed before the district justice of the peace and a hearing was held, at which time defendant was found guilty.

Defendant appealed from the decision of the district magistrate, and at the same time obtained a writ of certiorari for the purpose of having the court review the record.

There is some question as to whether a writ of certiorari and an appeal can be brought simultaneously, but this court has agreed to hear all questions raised by defendant rather than invoke the technical position that only those matters which were raised on appeal could be heard, or only those matters raised by the writ of certiorari would be heard.

Testimony was taken in this case and it developed that defendant was involved in an accident with an automobile driven by Thomas Breese. The accident occurred on the Breese side of the highway, and it was admitted by defendant that a portion of his automobile was on the wrong side of the highway at the time of the accident.

Defendant testified that the accident was caused by an automobile which had stopped on the highway and was not observed by him until it was too late to bring his car to a halt, and, therefore, in an effort to avoid

the car in front of him defendant permitted a portion of his car to get over on the other lane of traffic.

Defendant argues that this does not make him in violation of section 1006, which is designed to control vehicles which are meeting on the highway, rather then a vehicle which gets on the wrong side of the highway as a result of an unexpected occurrence.

We believe that defendant is in violation of section 1006, since he was not confronted by an unforeseen emergency, but rather created a situation in which he was involved by failing to have his car under control.

We, therefore, conclude that he is in violation of this section as far as the facts surrounding the accident are concerned.

Defendant next argues that the accident occurred in Otter Creek Township, and that he had the right to have his case heard by the nearest available justice of the peace rather than the district magistrate, Donald Buckel, in whose district the accident occurred.

We find no merit to this contention and rule that since January 1, 1970, motor vehicle violations may be brought before the district magistrate in whose district the accident occurred, without regard to whether or not a "hold-over" justice of the peace may be closer to the scene of the violation.

The final problem raised by defendant is one which should be ruled upon by this court in order to lay the matter to rest. Defendant argues that, since the police officer who filed the information did not witness the violation, the information is fatally defective unless the officer states that it is made on information received which he believes to be true.

This may have been the law in Mercer County, but, if it has been, it should not be. As pointed out in Commonwealth v. Maute, 43 D. & C. 2d 203, those cases which hold that an information must contain a state-

ment that the officer is acting on information received, which is believed to be correct, do not represent a "sound view of the law."

In *Commonwealth v. Mallini*, 214 Pa. 50, it is held that in a murder case an information may be signed by anyone who has knowledge of the facts or is reliably informed thereof.

In Commonwealth v. Gentry, 31 D. & C. 2d 221, it is pointed out that there is no statutory or constitutional requirement that an information reveal that it is not founded upon the personal knowledge of the officer who signed it. If the officer is willing to take an unequivocal oath that the accused committed the act in question, the oath itself is sufficient.

We, therefore, hold that it is not necessary for an information to contain the statement that the information is made on facts received which the affiant believes are correct, when the affiant has not witnessed the event that is the basis of the information.

We, therefore, deny defendant's appeal and refuse to grant the exceptions of defendant to the writ of certiorari.

## ORDER

And now, July 17, 1970, the appeal of defendant is dismissed and the exceptions filed to the writ of certiorari are also dismissed, and it is ordered that exceptions are granted to defendant from these rulings of court.